COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROCKWALL COMMONS ASSOCIATES, LTD., A TEXAS LIMITED LIABILITY PARTNERSHIP, STONE ROCKWALL PROPERTIES, LLC, A TEXAS LIMITED LIABILITY COMPANY, AND TOM F. STONE, AN INDIVIDUAL, | § § § § § | No. 08-09-00030-CV Appeal from the 193rd District Court of Dallas County, Texas |
| Appellants, | § | (TC#07-09612) |
| v. | § | |
| MRC MORTGAGE GRANTOR TRUST I, A DELAWARE TRUST, | § § | |
| Appellee. | | |

## O P I N I O N

Appellants, Rockwall Commons Associates, Ltd., Stone Rockwall Properties, L.L.C., and Tom F. Stone, appeal the trial court's judgment in favor of MRC Mortgage Grantor Trust I, Appellee. We affirm.

## BACKGROUND

This case arises from Appellants' failure to pay non-refinanced interest pursuant to the terms of a letter-agreement for which the trial court rendered summary judgment. On March 30, 2004, MuniMae Midland Construction Finance, L.L.C. (MuniMae), loaned Appellant Rockwall Commons Associates, Ltd. (Rockwall Commons), $22,400,000 for construction purposes. The construction loan agreement was executed by Tom F. Stone (Stone) as manager of both Rockwall Commons and Stone Rockwall Properties, L.L.C. (Rockwall Properties), Rockwall Common's general partner. Stone, in this same capacity, also executed a Guaranty Agreement and Construction Mortgage Note

(the mortgage note) in which he guaranteed and promised to repay the construction loan amount and secured the construction mortgage note. The mortgage note was due to mature on July 1, 2006, or upon permanent loan funding, whichever occurred first. According to Appellee's original petition, MuniMae later became known as MMA Construction Finance, L.L.C. (MMA). MMA allegedly assigned its rights, title, and interest in the construction loan to Appellee.

On February 15, 2007, Appellants executed a "letter agreement" with Appellee.[1] The letter agreement references the "Construction Loan . . . from MMA Construction Finance, LLC (formerly known as MuniMae Midland Construction Finance, LLC) as assigned to MRC Mortgage Grantor Trust I . . . to Rockwall Commons Associates, Ltd." The document was executed by Stone as manager of Rockwall Commons and Stone Rockwall Properties. The letter agreement reveals that Rockwall Commons refinanced the construction loan with Capmark Bank (Capmark loan), but the refinancing was insufficient to timely repay $662,173 of accrued interest to Appellee. Under the terms of the letter agreement, Appellee agreed to defer payment of the $662,173 interest due and released its first-priority deed of trust to permit Appellants to secure the refinancing. Rockwall Commons and Stone Rockwall Properties agreed to repay the deferred interest amount plus additional interest thereon "equal to 1% over the prime rate in the Wall Street Journal or comparable prime rate published from time to time and selected by MRC as such prime rate adjusts from time to time." Appellants agreed to pay $232,422 of the balance on or before May 15, 2007, and the balance of $429,751 on or before the maturity or acceleration of the Capmark loan. As part of this agreement, Stone also ratified and confirmed his obligations as guarantor under the original guaranty agreement. Once again, Stone signed the letter agreement in his individual capacity and as manager

---

[1] The letter agreement bears the signatures of Appellants but does not bear any signature on behalf of Appellee. This is of no consequence as it is Appellants' signatures which are necessary for enforcement of the note. *Rea v. Sunbelt Savings*, *FSB*, 822 S.W.2d 370, 372 (Tex. App. – Dallas 1991, no pet.).

of Rockwall Commons and Stone Rockwall Properties.

On August 27, 2007, Appellee brought suit for breach of contract against Appellants and for breach of guaranty against Stone, and alleged that Appellants had failed to make any payments as set forth in the letter agreement. Appellants filed a sworn answer on October 9, 2007, generally denying the allegations in the petition and asserting affirmative defenses.

On June 6, 2008, Appellee then filed a traditional motion for summary judgment arguing that no disputed fact issue existed and, in support of its motion, attached the affidavit of Edie M. Loughlin, the Director of Asset Management and Servicing for MMA Realty Capital. In her affidavit, Loughlin stated that MMA Realty Capital is "an affiliate of [Appellee]" and that she is the "custodian of records for MMA Realty Capital, Inc., and [Appellee]." Affixed to Loughlin's affidavit were copies of: (1) the construction loan agreement; (2) the construction mortgage note; (3) the guaranty agreement; (4) the letter agreement; (5) a June 1, 2007, letter issued by the law firm representing Appellee informing Appellants that they were in default of the letter agreement due to their failure to pay $232,422 in deferred interest on or before May 15, 2007, which is also accompanied by a March 8, 2007, letter from MMA Financial, Inc., to Rockwall Commons in which a billing statement was explained, and it was noted that in accordance with the letter agreement, a payment of $232, 422 would be billed, payable on or before May 15, 2007; (6) a letter dated January 30, 2008, from the law firm representing Capmark Finance, notifying Rockwall Commons of the acceleration of the maturity of its $26,000,000 note dated February 15, 2007; and (7) a letter dated June 5, 2008, from MMA Financial, Inc., notifying Rockwall Commons that its payoff amount as of that date was $762,975, which included a principal balance of $662,173 and $100,802 accrued interest.[2]

---

[2] MMA Financial, Inc.'s letterhead includes the statement, "A MuniMae Company."

Appellants responded, raising twelve objections to the Loughlin affidavit and identifying four alleged material fact issues.[3] In support of their response, Appellants attached Stone's affidavit in which he states he is the holder in physical possession of the mortgage note that was returned to him marked, "paid in full." Affixed to Stone's affidavit is a copy of the mortgage note on which is typewritten "Paid in Full. Date: 02/15/2007." The "paid-in-full" notation is accompanied by the signature of "Janice H. Wetzel, VP."

On September 11, 2008, Appellee replied to Appellants' response. Four days later, the trial court issued a written order overruling each of Appellants' twelve objections as set forth in their response. On October 1, 2008, the trial court issued its order granting partial summary judgment in favor of Appellee, awarded $762,975 in actual damages based on the grounds raised in the motion, "along with applicable interest, court costs, and attorney's fees in amounts to be determined by subsequent order or judgment."[4] Appellee non-suited the remaining request for attorneys' fees. The following day, the trial court entered its final judgment dismissing the request for attorneys' fees all remaining causes of action and relief not otherwise granted in its partial summary judgment order, ordered that Appellee receive $762,975 in actual damages along with 5 percent interest on the judgment amount, and granted Appellee all such writs and processes necessary to collect the judgment, assessing all costs to Appellants.

## AFFIDAVIT

In Issue One, Appellants contend that the trial court erred in granting Appellee's motion for

[3] Appellants' complaints in the trial court have been reconfigured for presentation on appeal. While most of Appellants' trial-court complaints appear to have been presented for our consideration on appeal, some are being raised for the first time.

[4] Both the trial court and Appellee refer to a hearing in relation to this traditional summary judgment proceeding but, upon further inquiry to the trial court's reporter, this Court has been advised that no hearing occurred. It appears the trial court ruled on the summary judgment by submission.

summary judgment and in Issue Two, they allege that the trial court erred and abused its discretion by overruling their objections to the sufficiency of Appellee's summary judgment evidence. However, because Appellants' entire discussion of Issue One is related to their objections to the summary-judgment evidence involving Loughlin's affidavit, we discuss Issues One and Two together. TEX. R. CIV. P. 166a(c).

*Standard of Review*

A plaintiff who sues for recovery on a promissory note does not have to prove all essential elements for a breach of contract but rather need only establish the note in question, that the defendant signed it, that the plaintiff was the legal owner and holder thereof, and that a certain balance is due and owing on the note. *TrueStar Petroleum Corp. v. Eagle Oil & Gas Co.*, 323 S.W.3d 316, 319 (Tex. App. – Dallas 2010, no pet. h.), *citing Clark v. Dedina*, 658 S.W.2d 293, 295 (Tex. App. – Houston [1st Dist.] 1983, writ dism'd).

We review a summary judgment *de novo. Valence Operating Company v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Texas Integrated Conveyor Systems, Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 365 (Tex. App. – Dallas 2009, pet. denied); *Garner v. Fidelity Bank, N.A.,* 244 S.W.3d 855, 860 (Tex. App. – Dallas 2008, no pet.).[5] To prevail on a summary judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003); *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548 (Tex. 1985); *Texas Integrated Conveyor Systems, Inc.*, 300 S.W.3d at 365; *Garner,* 244 S.W.3d at 860.

---

[5] As this case was transferred from our sister court in Dallas, we decide this case in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

A movant for summary judgment must conclusively prove all elements of its cause of action as a matter of law. TEX. R. CIV. P. 166a(c); *Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 358 (Tex. App. – Dallas 2007, pet. denied); *Nationwide Prop. & Cas. Ins. Co. v. McFarland*, 887 S.W.2d 487, 490 (Tex. App. – Dallas 1994, writ denied). If ordinary minds could not differ as to the conclusion to be drawn from the evidence, a matter is conclusively proven. *Kyle,* 232 S.W.3d at 358, *citing Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex. 1982). If the movant conclusively proves its right to summary judgment as a matter of law, the burden then shifts to the non-movant to present evidence that raises a genuine issue of material fact, precluding the summary judgment. *Kyle*, 232 S.W.3d at 358.

When determining whether a disputed issue of material fact exists that would preclude summary judgment, we regard all evidence favorable to the non-movant as true, and we indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Walters v. Cleveland Regional Medical Center*, 307 S.W.3d 292, 296 (Tex. 2010); *Provident*, 128 S.W.3d at 215-16; *McMahon Contracting, L.P. v. City of Carrollton*, 277 S.W.3d 458, 467 (Tex. App. – Dallas 2009, pet. denied); *Garner,* 244 S.W.3d at 860. When a trial court's summary judgment order does not state the specific grounds for its ruling, we must affirm the judgment if any of the theories advanced by Appellee's motion are meritorious. *Western Investments, Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *Texas Integrated Conveyor Systems, Inc.*, 300 S.W.3d at 365; *First Union Nat. Bank v. Richmont Capital Partners I, L.P.*, 168 S.W.3d 917, 923 (Tex. App. – Dallas 2005, no pet.).

The standards for determining the admissibility of evidence is the same in a summary judgment proceeding as at trial. *Duncan-Hubert v. Mitchell*, 310 S.W.3d 92, 101 (Tex. App. – Dallas 2010, pet. denied). The admission or exclusion of evidence rests in the sound discretion of the trial court. *Interstate Northborough Partnership v. State*, 66 S.W.3d 213, 220 (Tex. 2001), *citing*

*City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). Evidence presented in support of a summary judgment must be in a form that would render the evidence admissible in a conventional trial. TEX. R. CIV. P. 166a(f); *Allbritton v. Gillespie, Rozen, Tanner & Watsky, P.C.* 180 S.W.3d 889, 892 (Tex. App. – Dallas 2005, pet. denied), *citing United Blood Services v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997).

We apply an abuse-of-discretion standard when reviewing a trial court's decision to admit or exclude summary judgment evidence. *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App. – Dallas 2007, no pet.). The test for determining if the trial court abused its discretion is whether the trial court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). If the trial court acts in an arbitrary or unreasonable manner, it abuses its discretion. *Id.* at 242. That a trial court may decide a matter within its discretionary authority in a different manner than the appellate court does not demonstrate an abuse of discretion. *Id.*

### Preliminary Matters

It is our considered opinion that this is the ideal case for summary judgment. As such, we find it useful to first address what has not been pleaded, what is taken as proven, and what has not been preserved before considering the few issues that remain for our consideration.

### A. Pleadings, Execution, and Assignment

Initially, we note that Appellants failed to plead the affirmative defense of payment in their answer, and did not file an account stating distinctly the nature of such payment as required to support such defense. TEX. R. CIV. P. 95; *Southwestern Fire & Cas. Co. v. Larue*, 367 S.W.2d 162, 163 (Tex. 1963) (the affirmative defense of payment must be specially pleaded and may not be shown under a general denial). The absence of a proper plea of payment renders evidence as to

payment inadmissible. *Garner*, 244 S.W.3d at 861, *citing Rea v. Sunbelt Sav.*, 822 S.W.2d 370, 372 (Tex. App. – Dallas 1991, no writ). Therefore, to the extent that Appellants attempted to assert the affirmative defense of payment in the trial court, as when they presented a "paid-in-full" version of the original construction note with their response to Appellee's motion for summary judgment, such evidence was inadmissible.[6] *Garner*, 244 S.W.3d at 861.

Appellants did not file a verified denial of their execution of any of the instruments upon which Appellee's pleadings are founded. TEX. R. CIV. P. 93(7). In the absence of such a sworn plea, the instruments are received in evidence as fully proved. *Id.* Appellants also failed to file a verified denial of the assignment of those written instruments upon which suit is brought. TEX. R. CIV. P. 93(8) (a pleading denying the genuineness of the assignment of a written instrument upon which suit is brought by an assignee must be verified). In the absence of such a sworn plea, the assignment of the written instruments shall be held as fully proved. *Id*. Consequently, in failing to file verified denials as to the written instruments, that is, the construction loan, the mortgage note, the guaranty, and the letter agreement, and in failing to file a verified denial of the assignment of any of those instruments, Appellants have conclusively admitted the validity of the instruments and their assignments, as applicable, and have also waived their evidentiary objections thereto. *Bluebonnet Financial Assets v. Miller*, —S.W.3d —, No. 08-07-00282-CV, 2010 WL 1236306, at *4-5 (Tex. App. – El Paso March 31, 2010, no pet.) (not yet released for publication) (debtor who failed to file verified denials under TEX. R. CIV. P. 93(4), (7), and (8) conclusively admitted proper parties were

---

[6] We note that, appropriately, Appellants did not object in their summary-judgment response to paragraph 10 of Loughlin's affidavit, which states:

"Defendant Rockwall Commons and Defendant Stone Rockwall failed to pay Plaintiff the amount of $232,422 on or before May 15, 2007, as required by the Letter Agreement."

before trial court, validity of credit card agreement which was the foundation of suit, that he had signed agreement, and waived evidentiary objections to the documents), *citing Boyd v. Diversified Fin. Sys.*, 1 S.W.3d 888, 891 (Tex. App. – Dallas 1999, no pet.); *Hanks v. NCNB Tex. Nat. Bank*, 815 S.W.2d 763, 765 (Tex. App. – Eastland 1991, no writ) (a guarantor must, by sworn answer, deny the execution of the underlying note or contract by the principal obligor, or the execution thereof is presumed); *Loveless v. Tex. First Mort. Reit*, 531 S.W.2d 870, 873 (Tex. Civ. App. – Houston [1st Dist.] 1975, writ dism'd).

## B. Failure to Object

"Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." Tex. R. Civ. P. 166a(f); *Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App. – Dallas 2004, pet. denied). Substantive defects in affidavits can be raised for the first time on appeal. *Stewart v. Sanmina Tex., L.P.*, 156 S.W.3d 198, 207 (Tex. App. – Dallas 2005, no pet.). Substantive defects include affidavits that include legal or factual conclusions. *Id*. Among the objections that may be raised at trial regarding the form of an affidavit are: (1) lack of personal knowledge; (2) hearsay; (3) statement of an interested witness that is not clear, positive, direct, or free from contradiction; and (4) competence. *Broadnax v. Kroger Texas, L.P.*, No. 05-04-01306-CV, 2005 WL 2031783, at *4 (Tex. App. – Dallas August 24, 2005, no pet.) (mem. op., not designated for publication), *citing Stewart v. Sanmina Texas L.P.*, 156 S.W.3d 198, 207 (Tex. App. – Dallas 2005, no pet.) (lack of personal knowledge and hearsay), *Choctaw Properties, L.L.C. v. Aledo I.S.D.*, 127 S.W.3d 235, 241 (Tex. App. – Waco 2003, no pet.) (interested witness, hearsay, and lack of personal knowledge), *and Rizkallah v. Conner*, 952 S.W.2d 580, 585-86 (Tex. App. – Houston [1st Dist.] 1997, no pet.) (lack of personal knowledge and competence).

Appellants complain on appeal that Loughlin's affidavit should have been excluded as interested-witness testimony that was not clear, positive, direct, credible, uncontradicted, or readily controvertible. However, because Appellants did not present this objection to the trial court, they have waived their interested-witness complaint on appeal. *Brown*, 145 S.W.3d at 751; *Thompson v. Curtis*, 127 S.W.3d 446, 450 (Tex. App. – Dallas 2004, no pet.).

We additionally note that, as part of their response to the summary-judgment motion, while Appellants presented twelve objections to the trial court regarding Loughlin's affidavit, they did not object to Loughlin's statement in paragraph 12:

> Attached . . . is a letter from counsel for [Appellee] to [Appellants]. Pursuant to this letter[,] [Appellee] provided [Appellants] with notice of their default on June 1, 2007. [Appellee] has performed all conditions precedent to recover upon its claims against [Appellants] for all amounts due and owing from them under the Letter Agreement."

Rather, Appellants asserted that the statement raised a "substantial" issue of material fact. In its original petition, Appellee specifically pleaded as to both its breach-of-contract and breach-of-guaranty causes of action, that "[a]ll conditions precedent to the initiation or maintenance of this action have been performed or have occurred." When a plaintiff alleges "all conditions precedent have been performed or have occurred," a defendant must specifically deny any conditions that were not performed or have not occurred. Tex. R. Civ. P. 54; *Greathouse v. Charter Nat'l Bank*, 851 S.W.2d 173, 174 (Tex. 1992). Where a defendant does not specifically deny a plaintiff's performance-of-conditions-precedent pleading, a plaintiff is not encumbered with proof of such performance. *Hill v. Thompson & Knight*, 756 S.W.2d 824, 826 (Tex. App. – Dallas 1988, no writ). In their answer, Appellants asserted that they "are not liable for the amounts for which [Appellee] sues because events triggering such liability have not occurred and [Appellee's] claims to collect such sums are premature." Because Appellants did not specifically deny the performance or

occurrence of specific conditions precedent, Appellee was not required to prove such occurrence or performance. *Greathouse*, 851 S.W.2d at 174; *Hill*, 756 S.W.2d at 826. Appellants have waived their complaints regarding any failure of Appellee to satisfy conditions precedent. Tex. R. Civ. P. 54; *Sunbelt Const. Corp., Inc. v. S & D Mechanical Contractors, Inc.*, 668 S.W.2d 415, 417-18 (Tex. App. – Corpus Christi 1983, writ ref'd n.r.e) (holding that lien was established pursuant to Rule 54 because defendant failed to specifically deny a condition precedent in its pleadings); *see Miller v. University Sav. Assoc.*, 858 S.W.2d 33, 36 (Tex. App. – Houston [14th Dist.] 1993, writ denied) (in reviewing grant of summary judgment based on promissory note, party failing to specifically except to pleading that conditions precedent had been met waived his complaint that requirements for accelerating note had not been met).

## C. Improper Briefing

Having compared Appellants' complaints on appeal with their objections in the trial court, we find that Appellants have failed to preserve for appellate review two other matters resulting from improper briefing. An appellate brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(i). When a party fails to properly brief, we are unable to discharge our responsibility to review and properly dispose of the appeal. *Bolling v. Farmers Branch Independent School Dist.*, 315 S.W.3d 893, 895 (Tex. App. – Dallas 2010, no pet.). We are not responsible for searching the record for facts that may be favorable to a party's position. *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283-84 (Tex. 1994). Where a brief fails to comply with the requirements of Rule 38.1(i), a party waives the appellate points intended for our consideration. *In re Estate of Taylor*, 305 S.W.3d 829, 837 (Tex. App. – Texarkana 2010, no pet.), *citing Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App. – El Paso 2007, no pet.).

First, Appellants complain on appeal that Loughlin's affidavit "[is] defective because it is not based on personal knowledge of the matters recited therein, including all of the documents attached as sworn exhibits thereto, and because it failed to meet the requirements of the hearsay exception contained in Texas Rules of Evidence 803(6)." Appellants provide citation to two pages in the record. However, in following Appellants' citation to the record, we find that there is nothing at the cited point in the record which shows that Appellants specifically made an objection under Rule 803(6) as asserted in their brief. As Appellants have not provided appropriate citation to the record in support of their Rule 803(6) complaint under V(B)(ii) of their brief, nothing is presented for our review. TEX. R. APP. P. 38.1(i); *Valadez*, 238 S.W.3d at 845; *see Sisters of Charity of the Incarnate Word v. Gobert*, 992 S.W.2d 25, 31 (Tex. App. – Houston [1st Dist.] 1997, no pet.) (A party asserting error on appeal bears the burden of showing that the record supports the contention raised and of specifying the place in the record where matters upon which he relies or of which he complains are shown, and where a party fails to carry this burden, he waives the issue.).

Second, Appellants complain on appeal that Loughlin failed to provide specific facts in support of her statement(s) regarding the assignment or transfer of the construction loan or mortgage note to Appellee. Appellants have not supported this assertion with any citation to the record. Appellant has, consequently, waived this issue. TEX. R. APP. P. 38.1(i); *Valadez*, 238 S.W.3d at 845; *Sisters of Charity*, 992 S.W.2d at 31. Also, as previously determined, Appellants failed to file a verified denial regarding the assignments of the construction loan and mortgage note, such assignments are deemed fully proved. TEX. R. CIV. P. 93(8). Having identified the issues that are not before us, we proceed to the merits of the appeal.

*Merits*

Appellants' arguments on appeal arise primarily, if not exclusively, from their complaints regarding Loughlin's affidavit. In an attempt to show that Loughlin's affidavit was not competent summary-judgment evidence, Appellants attack her failure to state that the facts recited therein are "true and correct," allege that she has failed to demonstrate personal knowledge of the facts recited within the affidavit and failed to qualify the documents attached thereto as business records under Rule 803(6), assert that her statements constitute impermissible legal and factual conclusions, challenge the attached documents as constituting inadmissible hearsay, and complain that she is an interested witness whose testimony was not clear, positive, direct, credible, uncontradicted, or readily controvertible.

## A. True and Correct Complaint

Appellants complain that Loughlin's affidavit fails to state that the facts recited therein were "true and correct," and that the trial court abused its discretion when it overruled this objection. An affidavit presented in a summary judgment proceeding must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. TEX. R. CIV. P. 166a(f). Sworn or certified copies of all papers or parts thereof referred to in a summary-judgment affidavit must be attached thereto or served therewith. TEX. R. CIV. P. 166a(f).

While Rule of Evidence 902(10)(b) sets out a form of affidavit for use when business records are introduced under Rule 803(6), the form is not exclusive, and an affidavit must only substantially comply with the sample provided within the rule. TEX. R. EVID. 902(10)(b); *see Kyle v. Contrywide Home Loans*, *Inc.*, 232 S.W.3d 355, 360-61 (Tex. App. – Dallas 2007, pet. denied); *Fullick v. City of Baytown*, 820 S.W.2d 943, 944 (Tex. App. – Houston [1st Dist.] 1991, no writ). Consequently, an affiant is not required to recite the exact words that appear in Rule 902(10)(b). Nor is an affiant

required to state that all facts in the affidavit are "true and correct." *See Kyle*, 232 S.W.3d at 361, *citing Fed. Fin. Co. v. Delgado*, 1 S.W.3d 181, 184 (Tex. App. – Corpus Christi 1999, no pet.). "[W]here the affidavit does not specifically recite that the facts set forth there are true, but does set out that it is based on personal knowledge and is subscribed to and sworn before a notary public, it is not defective if, when considered in its entirety, its obvious effect is that the affiant is representing that the facts stated therein are true and correct." TEX. R. CIV. P. 166a; *Kyle*, 232 S.W.3d at 361, *citing Fed. Fin. Co.*, 1 S.W.3d at 184; *see also Connor v. Waltrip*, 791 S.W.2d 537, 539 (Tex. App. – Dallas 1990, no writ); *Huckin v. Connor*, 928 S.W.2d 180, 183 (Tex. App. – Houston [14th Dist.] 1996, writ denied) (cases holding that an affidavit which does not specifically recite that the facts set forth therein are true, but does set out that it was made upon the affiant's personal knowledge, satisfies the requirements of Rule 166a).

Loughlin's sworn and notarized affidavit recites that the information contained within the affidavit is known to her through her personal knowledge, and states not only that she is the Director of Asset Management and Servicing for MMA Realty Capital, but that she is also the custodian of records for both MMA Realty Capital and Appellees. Considering the affidavit in its entirety, the obvious effect is that Loughlin is representing that the facts stated within her affidavit are true and correct. *Kyle*, 232 S.W.3d at 361. Because the trial court did not abuse its discretion in overruling Appellants' objection upon this basis, Appellants' complaint on appeal is overruled.

### B. Personal-Knowledge Complaints

Appellants next complain that the trial court erred in overruling its objection that Loughlin's affidavit was not based upon her personal knowledge because the affidavit failed to show how Loughlin personally knew about Appellants' transactions with MuniMae (for the original construction loan and mortgage note), its successor, MMA, or Appellee (as assignee of the loan and

the note).  Because of this alleged deficiency, Appellants objected to Loughlin's ability to testify as a custodian of records regarding the record-keeping practices of MuniMae or MMA.  According to Appellants,  this evidence was not competent to support summary judgment, and the trial court erred in overruling these objections.  We disagree.

First, as we have noted, Appellants did not dispute that they executed the letter agreement which contains a recital regarding the assignment of the original loan and note to Appellee and, therefore, the execution of the documents is deemed proved.  TEX. R. CIV. P. 93(7).  Second, when an affiant's summary-judgment affidavit contains testimony that identifies her status as a record's custodian and establishes her relationship with the facts of the case in a manner sufficient to demonstrate the facts at issue, the personal knowledge requirement for summary judgment affidavits may be satisfied.  *See Kyle,* 232 S.W.3d at 359 (affiant's testimony that she was both a foreclosure specialist and custodian of records for mortgagee with respect to mortgagor's loan was sufficient to identify the custodian's position and responsibilities, meeting personal knowledge requirement); *Stucki v. Noble*, 963 S.W.2d 776, 780 (Tex. App. – San Antonio 1998, pet. denied) (personal-knowledge requirement was satisfied where affidavit sufficiently described relationship between affiant and the case so that it may have been reasonably assumed that she had personal knowledge of facts stated in her affidavit); *Closs v. Goose Creek Consol. ISD*, 874 S.W.2d 859, 868 (Tex. App. – Texarkana 1994, no writ) (holding that affiant's unchallenged status as school district's custodian of records satisfied Rule 166a(f) requirement despite lack of recitation that affidavit was based on personal knowledge).

Loughlin's uncontroverted testimony that she was the Director for Asset Management and Servicing for MMA Realty Capital, an affiliate of Appellee, and was custodian of records for both entities is sufficient to establish personal knowledge of the underlying transactions between the

parties, including the original construction loan, the mortgage note, the assignment of the construction loan note to Appellee, the guaranty agreement with Stone, the refinancing with Capmark, the letter agreement, and Capmark's acceleration of the refinanced loan. *See Kyle,* 232 S.W.3d at 359. Although Appellants complain that Loughlin lacked personal knowledge regarding Capmark's acceleration of the refinanced loan, this argument fails as we note that Capmark sent a copy of its Notice of Acceleration not only to Appellants but to Appellee's counsel, Mr. DeMars. Loughlin is Appellee's custodian of records. This, again, establishes Loughlin's personal knowledge regarding the events described within and the documents attached to her affidavit. The trial court did not err or abuse its discretion when it overruled these complaints.

Appellants also, in essence, argue that Loughlin, as custodian of Appellee's records, is incompetent to testify about any of Appellee's predecessor's records. However, once Appellee was assigned the rights to the contracts in this case, it was not necessary that MuniMae or MMA verify those records through a separate custodian of records. *See Block v. Providian Nat'l Bank*, No. 05-03-00734-CV, 2004 WL 1551485, at *2-3 (Tex. App. – Dallas July 12, 2004, pet. denied) (mem. op., not designated for publication), *citing Cockrell v. Republic Mortgage Ins. Co.*, 817 S.W.2d 106, 112-13 (Tex. App. – Dallas 1991, no writ). Appellee did not offer or seek to admit the construction loan agreement, the mortgage note, or the guaranty agreement under Rule 803(6) for self-authentication as a business-records exception to the hearsay rule. The construction loan, mortgage note, and guaranty agreement were admissible because, as contracts, they have legal effect independent of the truth of any statements contained therein and are not hearsay. *Ltd. Logistics Servs. v. Villegas*, 268 S.W.3d 141, 146 (Tex. App. – Corpus Christi 2008, no pet.) (signed instruments that create legal rights, such as contracts, are not hearsay because they have legal effect independent of the truth of any statement contained within them"). The construction loan and guaranty agreement were also

admissible because they were notarized and, therefore, self-authenticating. TEX. R. EVID. 902(8); *McLeod v. State*, 56 S.W.3d 704, 710 (Tex. App. – Houston [14th Dist.] 2001, no pet.). Consequently, Appellee was permitted to seek admission of these documents and the trial court did not err by overruling Appellants' objections.

Appellants further complain that Loughlin was not qualified as an expert to give an opinion regarding Stone's signature on the loan, note, guaranty, or letter agreement. Loughlin's affidavit testimony regarding the signatures on the documents was unnecessary because, as we have noted, Appellants did not deny execution of the documents. TEX. R. CIV. P. 93(7). Consequently, the documents are admitted as fully proved. *Id.* The trial court did not, as a result, err in overruling Appellants' objection regarding this testimony.

In short, we conclude that the trial court did not abuse its discretion in overruling these objections to Loughlin's affidavit.

## C. Conclusory Statements Complaints

The trial court overruled Appellants' objection that several of Loughlin's statements are impermissibly conclusory. A conclusory statement is one that does not provide the underlying facts to support the conclusion and, therefore, is not proper summary-judgment proof. *Rizkallah v. Conner,* 952 S.W.2d 580, 587 (Tex. App. – Houston [1st Dist.] 1997, no writ). Conclusory statements are not susceptible to being readily controverted. *See Eberstein v. Hunter*, 260 S.W.3d 626, 630 (Tex. App. – Dallas 2008, no pet.) (readily controvertable statements by an affiant are not *per se* conclusory).

Initially, Appellants' complaints pertaining to the allegedly conclusory nature of any statements regarding the execution or assignment of the construction loan, mortgage note, guaranty agreement, and letter agreement are overruled because the execution and assignment of those

documents are deemed fully proved. TEX. R. CIV. P. 93(7) & (8). To the extent that the complained-of statements explain the content of the attached documents, we find that they are not conclusory. As custodian of records, Loughlin's personal knowledge of such records provides adequate factual support for her statements. *See Hinojosa v. Citibank (South Dakota), N.A.,* No. 05-07-00059-CV, 2008 WL 570601, at *1-2 (Tex. App. – Dallas March 4, 2008, pet. denied) (mem.op., not designated for publication) (holding that affiant's statement explaining the content of three attached documents was not conclusory and that custodian of records' personal knowledge of records was sufficient to provide factual support for her statement).

Appellants also complain that Loughlin's statements regarding the balances owed, including accrued interest, under the terms of the letter agreement were impermissibly conclusory. Legal conclusions and conclusory statements in an affidavit, without more, are insufficient to establish a right to summary judgment as a matter of law. *See Fairbank v. First American Bank, S.S.B.*, No. 05-06-00005-CV, 2007 WL 2247371, at *2 (Tex. App. – Dallas August 7, 2007, no pet.) (mem. op., not designated for publication) (in suit on note and guaranty, affiant's statements regarding principal balance and accrued interest owed, which did not present underlying facts or documentation such as a ledger sheet or any other document with supporting facts regarding history of the account, was conclusory and insufficient to support entitlement to summary judgment as a matter of law), *citing Schultz v. Gen. Motors Acceptance Corp.*, 704 S.W.2d 797, 798 (Tex. App. – Dallas 1985, no writ). However, an affidavit made on the personal knowledge of a bank officer, in which the officer identifies the notes and guaranty and recites the principal and interest due, is not conclusory and is sufficient to support a summary judgment motion. *American 10-Minute Oil Change, Inc. v. Metropolitan Nat. Bank - Farmer's Branch*, 783 S.W.2d 598, 601 (Tex. App. – Dallas 1989, no writ). Loughlin's statements regarding the principal balance (the interest deferred from the original

note) and the accrued interest thereon under the terms of the letter agreement are supported by a March 8, 2007, letter from Ms. Pamela Noll, the Assistant Vice-President of Servicing Support for MMA Financial (A MuniMae Company). In her letter to Stone and Rockwall Commons, Ms. Noll describes: (1) the repayment of the original note by means of a refinancing through Capmark Bank; (2) the unpaid accrued interest that was not paid by the Capmark refinancing of the original note; (3) the terms of the letter agreement, including the interest rate for deferring repayment of the interest due on the original note; and (4) descriptions of how interest will accrue, how payments will be applied, and how calculations had been made regarding the terms of the letter agreement. Attached to Ms. Noll's letter are the billing statement, a "screen shot" from MMA Financial's billing system, and copies of the calculator tapes containing the calculations to which Ms. Noll refers in her letter. Because Loughlin's statements regarding balances owed for principal and interest under the terms of the letter agreement are supported by facts or documentation, her conclusion regarding those balances is not impermissibly conclusory. *See Fairbank*, 2007 WL 2247371, at *2.

Finally, Appellants complain that Loughlin's statement that Appellee is entitled to attorneys' fees is conclusory. Because Appellee non-suited all requested relief not granted in the summary judgment, including attorneys' fees, this complaint is moot.

For the foregoing reasons, the trial court did not err in overruling Appellants' conclusory-statement objections. Issues One and Two are overruled.

## MATERIAL ISSUE OF FACT

In Issue Three, we address Appellants' final claim that the trial court erred in granting summary judgment because a genuine issue of material fact allegedly exists. TEX. R. CIV. P. 166a(c); *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003); *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548 (Tex. 1985); *Texas Integrated*

*Conveyor Systems, Inc.*, 300 S.W.3d at 365; *Garner,* 244 S.W.3d at 860.  Appellants contend that Stone's affidavit, to which is affixed the "paid-in-full" copy of the mortgage note, raises a material issue of fact because conflicting inferences may be drawn from the fact that the two copies of the mortgage note are not identical.  In other words, the copy of the mortgage note attached to Stone's affidavit is marked "paid-in-full," while the copy attached to Loughlin's affidavit is not.

We recall that Appellants failed to specifically plead any affirmative defense of payment and have waived this argument. TEX. R. CIV. P. 94; *Garner,* 244 S.W.3d at 861.  Therefore, any allegations on appeal of alleged payment of the balances owed on the construction note and letter agreement fail to raise a material issue of fact and do not warrant a reversal of the summary judgment entered by the trial court.

Moreover, when parties agree to extend payment of a note, a new contract arises between the parties. *Ringer v. Bobby D. Associates Ohio General Partnership*, No. 05-01-00004-CV, 2002 WL 15898, at *2-3 (Tex. App. – Dallas January 8, 2002, pet. denied) (not designated for publication).  Although we view Stone's affidavit in a light most favorable to Appellants and accept it as true, Stone's affidavit merely supports the recital in the letter agreement that Appellants refinanced the original mortgage note through Capmark Bank, thereby paying off the mortgage note principal (evidenced by Stone's "paid-in-full" copy of the mortgage note) but leaving unpaid the interest that accrued on the construction note (evidenced by the letter agreement). *Walters*, 307 S.W.3d at 296.  We note that Stone's copy of the mortgage note was marked "paid-in-full" on February 15, 2007, the same date on which Appellants executed the letter agreement.  On that date, Appellants agreed to pay to Appellee the unpaid accrued interest from the original mortgage note and became obligated to pay additional interest on that amount.  Moreover, the "paid-in-full" mortgage note affixed to Stone's affidavit fails to establish that Appellants discharged their obligations under the terms and

conditions of the letter agreement, which is a different instrument. Nor does Stone's "paid-in-full" mortgage note controvert Appellants' failure to pay on the subsequent letter agreement, which forms the basis of Appellee's cause of action. Therefore, we hold that conflicting inferences cannot be drawn from the two versions of the mortgage note contained in the Stone and Loughlin affidavits. Because Appellants failed to raise a material issue of fact, the trial court did not err in overruling their objection upon this basis. Issue Three is overruled.

## HARMLESS ERROR

Even if we were to find that the trial court abused its discretion in the instances alleged, Appellants suffered no harm. We will not reverse a trial court's erroneous decision to admit summary judgment evidence unless the ruling probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1; *see Owens v. Comerica Bank*, 229 S.W.3d 544, 548 (Tex. App. – Dallas 2007, no pet.) (appellate court will not reverse a trial court's decision to admit summary judgment evidence unless the appellant is harmed by the decision). A trial court's erroneous admission or exclusion of evidence is harmless if other evidence proves the same fact. *See Bourque v. State*, 156 S.W.3d 675, 677 (Tex. App. – Dallas 2005, pet. ref'd). Here, Appellee established the note in question, that it was executed by Appellants, that Appellee was the legal owner and holder thereof by assignment and execution of the letter agreement, and that a certain balance was due and owing on the note. *TrueStar Petroleum Corp.*, 323 S.W.3d at 319, *citing Clark v. Dedina*, 658 S.W.2d 293, 295 (Tex. App. – Houston [1st Dist.] 1983, writ dism'd). Thus, we find that any error in the admission of Loughlin's affidavit and her testimony therein is harmless because the documents attached thereto prove and support the same facts. *See Bourque*, 156 S.W.3d at 677.

**CONCLUSION**

Having overruled Issues One, Two, and Three, we affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

December 29, 2010

Before Chew, C.J., McClure, and Rivera, JJ.