In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00142-CV**

_____

**ELTON JAMES SENEGAL D/B/A SENEGAL CONSTRUCTION, Appellant**

**V.**

**COMMUNITYBANK OF TEXAS, N.A., Appellee**

**On Appeal from the County Court at Law No. 1**
**Jefferson County, Texas**
**Trial Cause No. 120575**

**MEMORANDUM OPINION**

Elton James Senegal d/b/a Senegal Construction ("Senegal") appeals from the granting of summary judgment in favor of CommunityBank of Texas, N.A. ("CBTX") in CBTX's suit on a promissory note. In his sole appellate issue, Senegal argues that the trial court erred by granting summary judgment in favor of CBTX because genuine issues of material fact exist. We affirm the trial court's judgment.

CBTX alleged that Senegal executed a $50,000 promissory note, payable to CBTX, and had failed to pay the note in accordance with its terms, leaving $48,185.62 owing. Senegal alleged the affirmative defenses of accord and satisfaction and payment. The trial court denied CBTX's first motion for summary judgment, to which Senegal had filed a response asserting that certain payments had not been properly credited, and a fact issue existed concerning accord and satisfaction as well as the balance, if any, Senegal owed. Senegal had attached as exhibits to his response a list of seventeen payments he allegedly made toward the note, as well as copies of bank statements and proofs of payment.

CBTX subsequently filed a second motion for traditional summary judgment, in which it alleged that no genuine issues of material fact exist and it is entitled to judgment as a matter of law. Attached as an exhibit to CBTX's second motion were Senegal's responses to requests for admissions of fact, in which Senegal admitted that he executed the note, CBTX is the owner and holder of the note, he received value in exchange for the note, and by execution of the note, he unconditionally promised to pay $50,000 to CBTX. In his responses to requests for admissions, Senegal denied that no payments had been made and denied that the amount due as principal and accrued interest was $48,185.62.

Also attached as an exhibit to CBTX's motion was the affidavit of George A. Casseb, CBTX's Senior Executive Vice President. Casseb stated in the affidavit that the promissory note involved loan number 1646, and he explained that Senegal and an entity in which Senegal claimed an interest also had two prior loans from CBTX. Attached to Casseb's affidavit were the loan histories of loan number 1646 and the other two loans, as well as statements from two deposit accounts Senegal owned or in which Senegal claimed an interest. In the affidavit, Casseb itemized the seventeen alleged payments referenced in Senegal's response to CBTX's first motion for summary judgment, explained that only eight of those payments were actually toward loan number 1646, explained the remaining nine transactions, and averred that "[a]fter allowing all just credits and payments, the total amount due and owing . . . is $48,581.04 plus interest, late charges, attorney fees, and court costs."

Senegal did not file a response to CBTX's second motion for summary judgment. The trial court signed a final judgment in which it granted CBTX's second motion for summary judgment, and Senegal appealed. On appeal, Senegal argues that Casseb's affidavit and the CBTX's summary judgment "conflict with each other" and that Senegal's evidence conflicts with that of CBTX.

We review summary judgment orders *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The movant for a traditional summary judgment must establish that no genuine issues of material fact exist and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). In deciding whether there is a disputed material fact issue precluding summary judgment, we take evidence favorable to the nonmovant as true. *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985). We indulge every reasonable inference in favor of the nonmovant and resolve any doubts in his favor. *Id.* at 549. If the movant produces sufficient evidence to establish its entitlement to summary judgment, the burden shifts to the nonmovant to produce evidence that raises a genuine issue of material fact. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223-24 (Tex. 1999).

A plaintiff who sues to recover on a promissory note must establish the note in question and demonstrate that (1) the defendant signed it, (2) the plaintiff is the legal owner and holder thereof, and (3) a certain balance is due and owing on the note. *Rockwell Commons Assocs., Ltd. v. MRC Mort. Grantor Trust I*, 331 S.W.3d 500, 505 (Tex. App.—El Paso 2010, no pet.) (citing *TrueStar Petroleum Corp. v.*

4

*Eagle Oil & Gas Co.*, 323 S.W.3d 316, 319 (Tex. App.—Dallas 2010, no pet.)). To defeat summary judgment by raising an affirmative defense, a nonmovant must do more than simply plead the affirmative defense; instead, it must produce evidence sufficient to raise a genuine issue of material fact on each element of its affirmative defense. *Divin v. Tres Lagos Prop. Owners' Ass'n*, No. 06-13-00124-CV, 2004 WL 3865846, at *3 (Tex. App.—Texarkana Aug. 7, 2014, pet. denied) (mem. op.). The nonmovant must offer evidence sufficient to raise a genuine issue of material fact on each element of his affirmative defense. *Id.*

Based upon our review of the record, we conclude that CBTX presented sufficient evidence to establish the essential elements of its suit to recover on the promissory note. *See Rockwall Commons Assocs.*, 331 S.W.3d at 505; *see also Atchley v. NCNB Tex. Nat'l Bank*, 795 S.W.2d 336, 337 (Tex. App.—Beaumont 1990, writ denied) (Affidavit of bank vice president concerning amount of principal and interest owed on the note on the date of default and the per diem interest accruing from that date forward was sufficient to support summary judgment.). Therefore, the burden of proof shifted to Senegal to produce evidence that created a genuine issue of material fact. *See Steel*, 997 S.W.2d at 223-24. We conclude that Senegal failed to establish his affirmative defenses of payment and accord and satisfaction, and he failed to raise a genuine issue of material fact. The

5

trial court did not err by granting CBTX's motion for summary judgment. Accordingly, we overrule Senegal's sole appellate issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 12, 2015
Opinion Delivered May 21, 2015

Before McKeithen, C.J., Kreger and Johnson, JJ.