

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00151-CV

ISREAL[1] PEREZ, APPELLANT

V.

FLAGSHIP CREDIT ACCEPTANCE, LLC, APPELLEE

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. DC-2025-CV-0132, Honorable John C. Grace, Presiding

November 24, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant Israel Perez, proceeding pro se, appeals a summary judgment granted in favor of appellee, Flagship Credit Acceptance, LLC.  We affirm the judgment of the trial court.

---

[1] We note that Appellant signs his name "Israel."  However, the judgment reflects "Isreal."

## BACKGROUND

In January of 2024, Flagship sued Perez asserting claims for breach of contract, foreclosure of security interest, order of possession of the vehicle the subject of the contract, and damages. Both parties filed competing claims for summary judgment. The trial court denied Perez's amended and second amended motions for summary judgment and granted Flagship's motion in its entirety. Perez timely filed his appeal.

## ANALYSIS

Perez asserts three issues on appeal, namely that the trial court erred in excluding his affidavits, using "[Flagship's] evidence (a copy of fraudulent contract) to rule in favor of Summary Judgment," and "excluding binding Arbitration Provision set forth in the Vehicle Sales Contract."

Although we construe pro se briefs liberally, pro se appellants are held to the same standards as appellants represented by counsel to avoid giving them an unfair advantage. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 Tex. App. LEXIS 6349, at *6 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.). Pro se parties must comply with the rules requiring adequate briefing and citations to the record. *Sneed v. Stamat*, No. 09-19-00379-CV, 2021 Tex. App. LEXIS 2155, at *3 (Tex. App.—Beaumont Mar. 18, 2021, no pet.) (mem. op.). The failure to provide citations, argument, and analysis as to an appellate issue may waive the issue. *See ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). In a prior letter, this Court informed Perez that his brief failed to comply with the requirements of Texas Rule of Appellate Procedure 38.1. We identified deficiencies in

2

the brief, directed Perez to file a corrected brief, and admonished Perez that a noncompliant brief could result in waiver of his arguments. *See Davis v. Am. Express Bank, FSB*, No. 03-12-00564-CV, 2014 Tex. App. LEXIS 9662, at \*7 (Tex. App.—Austin Aug. 29, 2014, no pet.) (mem. op.) ("Appellate issues must be supported by argument and authority, and if they are not so supported, they are waived."). Although he filed a corrected brief, it too fails to comply with Rule 38.1. However, our Supreme Court instructs that briefs "be liberally, but reasonably, construed so that the right to appeal is not lost by waiver." *Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019) (per curiam) (citing TEX. R. APP. P. 38.9); *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam)). With these principles in mind, we address each issue in turn to the extent we determine it is not otherwise waived.

Affidavits

In his first issue, Perez contends that the trial court erred in excluding his affidavits. We review the trial court's exclusion of summary judgment evidence for an abuse of discretion. *City of Stephenville v. Belew*, 692 S.W.3d 347, 361 (Tex. App.—Eastland 2024, pet. denied). The record shows that Perez filed various documents entitled "Affidavit of Truth," "Affidavit for Amendment to Contract by Novation #50867," "Affidavit of Truth in the Nature of Supplemental Rules for Administrative and Maritime Claims," "Affidavit of Notice of Default 72hr Notice," and "Commercial Affidavit of Truth" in support of his second amended motion for summary judgment. In response, Flagship objected to any affidavit purporting to verify the authenticity of Perez's exhibits and requested that Perez's summary judgment evidence and all attached exhibits be stricken. We have found nothing in the record to indicate that the trial court ruled on Flagship's objection.

Specifically, we have found no order entered by the trial court that excluded Perez's affidavits. *See Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 164 (Tex. 2018) (per curiam) (evidence that has been objected to remains part of summary judgment proof unless order sustaining objection is reduced to writing, signed, and entered of record). Consequently, we presume that the trial court considered these affidavits before granting summary judgment. Because Perez has failed to demonstrate any abuse of discretion, we overrule issue one.

Summary Judgment

In his second issue, Perez contends that the trial court used a fraudulent contract to rule in favor of summary judgment. We review a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a summary judgment motion, the movant must demonstrate that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548 (Tex. 1985). A movant for summary judgment must conclusively prove all elements of its cause of action as a matter of law. TEX. R. CIV. P. 166a(c); *Rockwall Commons Assoc., Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 505 (Tex. App.—El Paso 2010, no pet.). If ordinary minds could not differ as to the conclusion to be drawn from the evidence, a matter is conclusively proven. *Id.* at 505. If the movant conclusively proves its right to summary judgment as a matter of law, the burden then shifts to the non-movant to present evidence that raises a genuine issue of material fact, precluding the summary judgment. *Id.* When determining whether a disputed issue of material fact exists that would preclude summary judgment, we regard all evidence in the summary judgment record in the light most favorable to the

4

non-movant and indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Walters v. Cleveland Regional Medical Center*, 307 S.W.3d 292, 296 (Tex. 2010).

The four elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages. *Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex. App.—Amarillo 2008, pet. denied).

Flagship supported its motion for summary judgment with the affidavits of Roy Kirkley and Kendal B. Reed. The evidence showed that on October 4, 2024, Perez executed a motor vehicle retail installment sales contract with Spirit Chrysler Dodge Jeep Ram, which was assigned to Flagship. Under the contract, Perez purchased and financed a 2021 Chevrolet Silverado. Flagship then perfected a purchase money security interest in the vehicle. Perez breached the contract by failing to make any payments. Further, the record showed that Flagship established that it suffered $50,851.43 in damages from Perez's breach, and attorneys' fees of $2,750.00. As such, we hold the summary judgment evidence provided by Flagship establishes, as a matter of law, the elements of breach of contract, thereby entitling Flagship to summary judgment. The burden then shifted to Perez to present evidence that raises a genuine issue of material fact precluding summary judgment.

We understand Perez to argue that he was fraudulently induced[2] to sign the retail installment contract the basis of this suit. In order to establish a fact question on fraud or fraudulent inducement, Perez was required to submit evidence that: (1) Flagship made a material representation; (2) the representation was false; (3) Flagship knew the representation was false or made the representation recklessly, as a positive assertion, and without knowledge of its truth; (4) Flagship intended Perez to act on the representation; (5) Perez relied on the representation; and (6) Perez was damaged. *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex. 1992). "Fraudulent inducement is a distinct category of common-law fraud that shares the same elements but involves a promise of future performance made with no intention of performing at the time it was made." *Rick Lovelady Carpets, Inc. v. G.R. Chapman L.P.*, No. 07-15-00340-CV, 2017 Tex. App. LEXIS 9728, at *7 (Tex. App.—Amarillo Oct. 17, 2017, pet. denied) (mem. op. on reh'g) (quoting *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015)).

According to Perez, after originally signing the contract on September 17, 2024, with a "qualified special indorsement" and taking possession of the 2021 Chevrolet, he was notified that the dealership and/or Flagship requested that he re-sign the contract or turn over possession of the vehicle. Perez signed the contract the subject of Flagship's motion for summary judgment on October 4, 2024. In response to Flagship's motion for

---

[2]Perez also alleges in his second issue that Flagship pledged the contract as collateral to the Federal Reserve through its discount window facility.

summary judgment, Perez filed an affidavit and motion to dismiss the motion for summary judgment. In his affidavit, he alleges:

> On October 4th 2024 due to threat of arrest, coercion, deceptive business practices, undue influence and maximum applied pressure, I was forced into contract as debtor for purposes of unjust enrichment, fraud and extortion of unearned interest on behalf of FLAGSHIP CREDIT ACCEPTACE LLC., et., al, etc., Clear and Blatant Violations of: (18 U.S.C. 1025), (18 U.S.C. 2111), (18 U.S.C. 880), (18 U.S.C. 657), (18 U.S.C.1348), (15 U.S.C. 1), Every contract combination in form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several states, or with foreign nationals, is declared to be illegal, Shall be deemed guilty of felony, and, on conviction thereof, shall be punished by fine not exceeding $1,000,000, if corporation, or, if any other person, $1,000,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court.

As discussed above, both fraud and fraud in the inducement require that material misrepresentations were made. For a misrepresentation to be material, it must be the type of statement that "a reasonable person would attach importance to and would be induced to act on . . . in determining his choice of actions in the transaction in question." *Smith v. KNC Optical, Inc.*, 296 S.W.3d 807, 812 (Tex. App.—Dallas 2009, no pet.). Perez has not identified any material misrepresentation, offered any evidence that would raise a genuine issue of fact regarding whether any material misrepresentation was made by Flagship, or presented evidence that he relied on any material misrepresentation. Based on the summary judgment evidence, we conclude that Flagship satisfied each element of its breach of contract action, and no genuine issue of material fact exists as a matter of law as to any element of Flagship's cause of action against Perez. We do not reach Perez's alternative theory that Flagship pledged the contract as collateral to the Federal Reserve through its discount window facility. *See* TEX. R. APP. P. 47.1. (opinion

7

should address only issues necessary to disposition of the appeal).  We overrule issue two.

Arbitration

In his third issue, Perez contends that the trial court erred in disregarding the arbitration provision in the contract.  To preserve a complaint for our review on appeal, the record must show that a specific complaint was made to the trial court by a timely request, objection, or motion, and that the trial court ruled on that request, objection, or motion.  TEX. R. APP. P. 33.1(a).  The record does not show that the trial court refused to rule on a motion to compel arbitration or that Perez objected to any such refusal.  As such, the issue has not been preserved for appellate review.  *See Silva*, *Otting & Silva, LLC v. Donna Econ. Dev. Corp. 4A*, 2022 Tex. App. LEXIS 8461 at *10 (Tex. App.—Corpus Christi-Edinburg Nov. 17, 2022, no pet.) (mem. op.) (failure to obtain ruling or object to failure to rule waived argument).  We overrule Perez's third issue.

## CONCLUSION

Having overruled each of Perez's issues raised on appeal, we affirm the trial court's judgment.

Judy C. Parker
Justice

8