**TRUESTAR PETROLEUM CORPORATION f/k/a Trinity Plumas Capital Corp., Appellant,**

v.

**EAGLE OIL & GAS CO., Appellee.**

No. 05–09–00041–CV.

Court of Appeals of Texas, Dallas.

Sept. 16, 2010.

Lyndel Anne Mason, Cavazos, Hendricks, Poirot & Smitham, PC, Dallas, TX, for Appellant.

Charles Sartain, Joshua M. Weaver, Brent E. Dyer, Looper, Reed & McGraw, P.C., Dallas, TX, for Appellee.

Before Justices MOSELEY, FITZGERALD, and LANG.

## OPINION

Opinion by Justice FITZGERALD.

Eagle Oil & Gas Co. sued TrueStar Petroleum Corporation f/k/a Trinity Plumas Capital Corp. on a $1.6 million promissory note. The trial court granted summary judgment for Eagle. TrueStar appeals. We affirm.

### I. BACKGROUND

The summary-judgment evidence showed the following facts. On August 23, 2004, TrueStar (then known as Trinity Plumas Capital Corp.) executed a convertible promissory note in favor of Eagle. The principal amount of the note was $1.6 million, and the note was to be paid in full at Eagle's office in Dallas, Texas, by the maturity date of August 22, 2006. Section 2 of the note, entitled "Optional Conversion at Maturity," allowed TrueStar, "at its option," to pay all or part of the principal amount in shares of its common stock. The note specified how TrueStar was to exercise this right: "The election shall be accomplished by [TrueStar's] delivery to [Eagle] of share certificates representing such shares of Common Stock to [Eagle] on the Maturity Date." The same paragraph of the note provided, "Time is of the essence in this Agreement."

TrueStar did not pay the principal balance of the note or tender any share certificates to Eagle on or before August 22, 2006. In late September 2006, TrueStar's corporate secretary, Cindy Newton, signed and sent a treasury order to a third party, Pacific Corporate Trust Company, directing it to issue 1,791,713 common shares of TrueStar stock to Eagle. She backdated the order to August 22, 2006.

On December 22 or 26, 2006 (the evidence is conflicting), Eagle received a share certificate for 1,791,713 common shares of TrueStar stock. The certificate was dated August 22, 2006. Eagle's vice president and general counsel, Stanley Laukhuf, rejected the tender as untimely and invalid by a letter to TrueStar's attorney dated December 28, 2006. In his letter, Laukhuf asked TrueStar how to dispose of the share certificate, but TrueStar never responded. Laukhuf also demanded full payment of the note in cash.

Eagle sued TrueStar on the note and for breach of a related purchase agreement. Eagle filed three different motions for summary judgment relating to its claim on the note. The trial court granted the third motion and signed a "Final Summary Judgment" in favor of Eagle for the full principal amount of the note plus interest and attorneys' fees. Eagle nonsuited its claim for breach of the purchase agreement. TrueStar appealed.

## II. Standard of Review

"We review a trial court's grant of summary judgment de novo." *Mid–Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 621 (Tex.2007). When we review a summary judgment in favor of a plaintiff, we determine whether the plaintiff established every element of its claim as a matter of law. *Ohio Cas. Ins. Co. v. Time Warner Entm't Co.*, 244 S.W.3d 885, 888 (Tex.App.-Dallas 2008, pet. denied). If the nonmovant relies on an affirmative defense to defeat summary judgment, it must come forward with evidence sufficient to raise a genuine fact issue on each element of the defense. *Sani v. Powell*, 153 S.W.3d 736, 740 (Tex.App.-Dallas 2005, pet. denied). We must take evidence favorable to the nonmovant as true and draw every reasonable inference from the evidence in favor of the nonmovant. *Ohio Cas. Ins. Co.*, 244 S.W.3d at 888.

## III. Analysis

TrueStar raises six issues in support of its contention that the trial court erred by granting summary judgment in favor of Eagle.

## A. Proof that a balance was due and owing

■ In its first two issues on appeal, TrueStar contends that Eagle did not conclusively prove an essential element of its claim. To prevail on a claim on a note, a plaintiff must prove the note in question, that the defendant signed the note, that the plaintiff is the legal owner and holder of the note, and that a certain balance is due and owing on the note. *Clark v. Dedina*, 658 S.W.2d 293, 295 (Tex.App.-Houston [1st Dist.] 1983, writ dism'd); *accord Tidwell v. Empire Mortg. Ltd. P'ship*, No. 05–97–01385–CV, 1999 WL 1012952, at *1 (Tex.App.-Dallas Nov. 8, 1999, no pet.) (not designated for publication). In its first issue, TrueStar contends that Eagle failed to establish that TrueStar owed any balance on the note. In its second issue, TrueStar argues that the trial court erred in its interpretation of the note. We address TrueStar's second issue first.

### 1. Interpretation of the note

■ TrueStar argues that the trial court must have implicitly "found that delivery on the Maturity Date was a condition precedent and the [failure of] same was a breach which could not be cured except by a cash payment to Eagle." It further argues that the trial court's implicit finding was erroneous because the delivery requirement, properly interpreted, is a covenant instead of a condition precedent. Finally, TrueStar asserts that its delay in delivering the share certificate was not a material breach of the covenant.

■ TrueStar's argument is without merit. Even assuming that the delivery requirement is a covenant rather than a condition precedent, the delivery deadline is material as a matter of law because the note provided that "[t]ime is of the essence in this Agreement." Timely performance is a material term of a contract if the contract expressly makes time of the essence or if something in the nature and purpose of the contract and the surrounding circumstances make it apparent that parties intended that time be of the es-

sence. *Deep Nines, Inc. v. McAfee, Inc.*, 246 S.W.3d 842, 846 (Tex.App.-Dallas 2008, no pet.). "Where time is of the essence of a contract[,] a party must perform in strict compliance within the time prescribed in order to be entitled to any relief." *Neco Eng'g Co. of Tex., Inc. v. Lee*, 487 S.W.2d 185, 187 (Tex.Civ.App.-Waco 1972, no writ); *see also McKnight v. Renfro*, 371 S.W.2d 740, 745 (Tex.Civ.App.-Dallas 1963, writ ref'd n.r.e.) ("When time is of the essence of a contract[,] performance by a party at or within the time specified is essential to his right to require performance by the other party.").

Because the note provided that time was of the essence, TrueStar was obliged to strictly comply with the deadline specified in section 2 of the note in order to exercise its rights under that section.

### 2. TrueStar's performance

■ In its first issue on appeal, TrueStar argues that the evidence raised a genuine fact issue as to whether it successfully exercised its rights under section 2 of the note. TrueStar contends that delivery of the share certificate to Eagle on or about December 22, 2006 was a proper exercise of that "Optional Conversion at Maturity" because (1) the precise number of shares necessary to pay the principal balance could not be calculated until the business day before the maturity date, so Eagle could not have reasonably expected to have possession of the share certificate by the maturity date, and (2) TrueStar's expert witness opined, based on certain contractual provisions and stock-exchange rules, that Eagle could not have legally transferred the TrueStar stock until December 23, 2006 anyway, so Eagle was not damaged by the late processing and delivery of the share certificate.

TrueStar's arguments are beside the point. The note specified that time was of the essence, so TrueStar had to strictly comply with the delivery deadline. *See Neco Eng'g Co.*, 487 S.W.2d at 187. Its failure to do so was material as a matter of law. *See Deep Nines, Inc.*, 246 S.W.3d at 846. Because the evidence conclusively proved that TrueStar did not strictly comply with the terms of the note's "Optional Conversion at Maturity," TrueStar was obliged to pay the balance of the note in cash on the maturity date. Eagle's summary-judgment evidence established that the full balance of $1.6 million was due on the maturity date.

■ In a second argument presented under its first issue, TrueStar argues that it complied with section 2 of the note because the evidence shows that Eagle did not make presentment or demand on the note until after it received the share certificate. TrueStar's argument fails because the deadline for TrueStar to exercise its rights under section 2 was not contingent on presentment or demand by Eagle. The deadline for TrueStar to exercise its rights under section 2 was August 22, 2006. Evidence that Eagle did not make presentment or demand until December 28, 2006, does not render TrueStar's performance timely.

We reject TrueStar's arguments made under its first issue on appeal.

## B. Other issues

### 1. Quasi-estoppel

■ In its third issue, TrueStar argues that the defense of quasi-estoppel defeats Eagle's entitlement to summary judgment. "Quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken. The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced,

or from which he accepted a benefit." *Lopez v. Muñoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex.2000) (citations omitted). TrueStar argues that the evidence of Eagle's continued possession of the share certificate delivered in December 2006 raises a genuine fact issue on the defense of quasi-estoppel.

■ We conclude that TrueStar's evidence of Eagle's continued possession of the share certificate did not raise a genuine fact issue as to every element of quasi-estoppel. One element of quasi-estoppel is that the claimant either previously acquiesced to or accepted benefits from a position different from the one the claimant now asserts. *Id.* TrueStar adduced no evidence that Eagle ever acquiesced to or took a position different from the one it now takes in this lawsuit—that TrueStar had to repay the note in cash after the maturity date passed without delivery of the stock. Rather, the evidence shows that Eagle rejected TrueStar's late tender, asked TrueStar for instructions as to how to dispose of the share certificate, and demanded payment on the note within a few days of receiving the share certificate. Thus, TrueStar failed to raise a genuine fact issue as to an essential element of its quasi-estoppel defense.

We reject TrueStar's contentions in its third issue on appeal.

### 2. Failure to mitigate

■ In its fourth issue, TrueStar argues that Eagle failed to mitigate its damages by selling its shares of TrueStar stock. Eagle responds that TrueStar waived the issue of failure to mitigate by failing to raise it in its summary-judgment response. We agree with Eagle. We will not reverse a summary judgment based on an argument that was not expressly presented to the trial court by written response or other document. *See* Tex.R. Civ.

P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *see also City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Shih v. Tamisiea*, 306 S.W.3d 939, 944 (Tex.App.-Dallas 2010, no pet.).

We reject TrueStar's contentions in its fourth issue on appeal.

### 3. Fact issue as to transferability of the shares

■ In its fifth issue, TrueStar argues that the parties' affidavits created genuine fact issues as to whether TrueStar was legally required to place a 120–day transfer restriction on the share certificate and whether Eagle could have transferred the shares if it had obtained possession of the certificate sooner than it did. Eagle contends that any such conflicts in the evidence are immaterial. We agree with Eagle. The material fact issue under section 2 of the note is whether TrueStar accomplished "delivery to [Eagle] of share certificates representing such shares of Common Stock to [Eagle] on the Maturity Date." The evidence established conclusively that TrueStar did not do so. Thus, fact issues about whether TrueStar legally could have furnished unrestricted shares or whether Eagle could have transferred the shares if they had been delivered sooner are not material. Immaterial fact issues will not defeat summary judgment. *Harris Cnty. v. Ochoa*, 881 S.W.2d 884, 889 (Tex.App.-Houston [14th Dist.] 1994, writ denied).

We reject TrueStar's contentions in its fifth issue on appeal.

### 4. Credit for value of shares

■ In its sixth issue, TrueStar asserted that the trial court erred by awarding Eagle the full amount of damages it re-

quested, without giving TrueStar any credit for the value of the shares received by Eagle. TrueStar did not raise this issue in the trial court, so it cannot support reversal on appeal. *See* Tex.R. Civ. P. 166a(c); *see also Clear Creek Basin Auth.*, 589 S.W.2d at 678. Moreover, TrueStar does not present any argument or authorities in its appellate brief in support of its sixth issue. Thus, the issue is waived. *See In re B.A.B.*, 124 S.W.3d 417, 420 (Tex.App.-Dallas 2004, no pet.) ("The failure to adequately brief an issue, either by failing to specifically argue and analyze one's position or provide authorities and record citations, waives any error on appeal.").

We reject TrueStar's sixth issue on appeal.

### IV. DISPOSITION

For the foregoing reasons, we affirm the judgment of the trial court.