

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00477-CV

Curtis **WISE** and Winston Hubbard,
Appellants

v.

**LUKE DEVELOPMENT, LLC**,
Appellee

From the 362nd District Court, Denton County, Texas
Trial Court No. 2011-40187-362
The Honorable Robert Bruce McFarling, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  August 21, 2013

AFFIRMED

Appellants Curtis Wise and Winston Hubbard challenge a summary judgment in favor of appellee Luke Development, LLC, in a dispute over a promissory note. In two issues, Wise and Hubbard argue the trial court erred (1) in granting summary judgment on the claims presented, and (2) in awarding attorney's fees. We affirm.

### BACKGROUND

In March 2011, Luke Development filed suit against Wise and Hubbard alleging they had breached their obligation to repay a promissory note. In April 2009, Wise and Hubbard had

purchased a business from the Salisbury Group Real Estate Investments, Inc., ("the Salisbury Group"). As part of this transaction, Wise and Hubbard signed a promissory note promising to pay the Salisbury Group $150,000.00 plus interest. The Salisbury Group later transferred the promissory note to Luke Development.

Wise and Hubbard answered the suit, raising multiple affirmative defenses. In addition, Wise and Hubbard filed counterclaims against Luke Development, complaining Salisbury engaged in fraud and made misrepresentations during the underlying transaction. Wise and Hubbard also filed a third-party petition against Salisbury and the Salisbury Group. The claims against Salisbury and the Salisbury Group, like the claims against Luke Development, were based on Salisbury's actions during the underlying transaction.

Thereafter, Luke Development filed two summary judgment motions. In its first motion, Luke Development argued it had established its promissory note claim as a matter of law. In its second motion, Luke Development reiterated the arguments in its first motion, and further argued that Wise and Hubbard could not recover on their claims based on a ratification theory. The evidence attached to the summary judgment motions included a copy of the original promissory note; two agreements modifying the terms of the promissory note; a guaranty; a document memorializing the sale, assignment, and transfer of the promissory note and guaranty; and Salisbury's affidavit.

Wise and Hubbard filed three responses to the summary judgment motions. In these responses, Wise and Hubbard argued that the summary judgment motions should be denied because, among other things, (1) Luke Development failed to establish its claim as a matter of law, (2) genuine issues of material fact existed as to whether Luke Development established its claim, and (3) the summary judgment motions failed to address the claims brought by Wise and Hubbard. Wise and Hubbard attached evidence to their responses.

The trial court granted the summary judgment motions, rendering judgment in favor of Luke Development in the amount of $121,400.00 for the balance owed on the promissory note, plus prejudgment interest, post-judgment interest, and court costs. The trial court also awarded attorney's fees in favor of Luke Development in the amount of $34,872.00, and dismissed the claims against Luke Development, Salisbury, and the Salisbury Group with prejudice. Wise and Hubbard appealed.

## STANDARD OF REVIEW

We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Rhone-Poulenc v. Steel*, 997 S.W.2d 217, 222 (Tex. 1999). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubt in the non-movant's favor. *Dorsett*, 164 S.W.3d at 661; *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

When the plaintiff moves for traditional summary judgment, it must conclusively prove its entitlement to summary judgment on each element of its cause of action as a matter of law. *See* TEX. R. CIV. P. 166a(c). If the plaintiff does so, the burden then shifts to the defendant to produce evidence creating a genuine issue of material fact as to the challenged element or elements in order to defeat the summary judgment. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). The defendant's mere pleading of an affirmative defense does not prevent the rendition of summary judgment for a plaintiff who has conclusively established each element of its cause of action as a matter of law. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984).

**SUMMARY JUDGMENT ON THE CLAIMS PRESENTED**

In their first issue, Wise and Hubbard argue the trial court erred in granting summary judgment on the claims presented.

### 1. *Promissory Note Claim*

"To prevail in a suit on a promissory note, a plaintiff need not prove all of the elements of breach of contract." *Dorsett v. Hispanic Housing and Educ. Corp.*, 389 S.W.3d 609, 613 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Instead, a plaintiff must prove: (1) the note in question; (2) that the defendant signed the note; (3) that the plaintiff was the legal owner or holder of the note; and (4) that a certain balance was due and owing on the note. *See Truestar Petroleum Corp. v. Eagle Oil & Gas Co.*, 323 S.W.3d 316, 319 (Tex. App.—Dallas 2010, no pet.); *Hudspeth v. Investor Collection Serv. Ltd. P'ship*, 985 S.W.2d 477, 479 (Tex. App.—San Antonio 1998, no p). A person not identified in a note who is seeking to enforce it as the owner must prove the transfer by which he acquired the note. *Leavings v. Mills*, 175 S.W.3d 301, 309 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

In the present case, the summary judgment evidence presented by Luke Development showed that Wise and Hubbard were the makers of a promissory note dated April 3, 2009, in the principal amount of $150,000.00. The payee on the note was the Salisbury Group. The note was signed by Wise and Hubbard. The note was modified twice, on September 11, 2009, and on January 12, 2010, so as to revise the payment schedule. Both modification agreements were signed by Wise and Hubbard. The note was transferred and assigned to Luke Development on February 16, 2011. The transfer agreement was signed by David Salisbury, individually, and in his capacity as president of the Salisbury Group. The evidence also showed Wise and Hubbard had made payments before they defaulted on the note, and the balance due and owing on the note.

Wise and Hubbard argue the summary judgment was improper because the evidence presented by Luke Development failed to conclusively establish that it had acquired the note from Salisbury and the Salisbury Group. "Testimony in an affidavit that a particular person or entity owns a note is sufficient to conclusively establish ownership even in the absence of supporting documentation if there is no controverting summary judgment evidence." *First Gibralter Bank, FSB v. Farley*, 895 S.W.2d 425, 428 (Tex. App.—San Antonio 1995, writ denied). Here, the summary judgment evidence contained an affidavit from Salisbury stating he and the Salisbury Group transferred their interest in the promissory note and guaranty to Luke Development. Salisbury's affidavit recited that a true copy of the transfer agreement was attached to the second summary judgment motion. This transfer agreement shows that Salisbury and the Salisbury Group sold, assigned, and transferred to Luke Development all right and interest in the note. Thus, the evidence presented by Luke Development conclusively established that Luke Development acquired the note. Furthermore, the summary judgment evidence presented by Luke Development conclusively established the other elements of its claim. *See Truestar*, 323 S.W.3d at 319; *Leavings*, 175 S.W.3d at 309; *Hudspeth*, 985 S.W.2d at 479.

Because Luke Development conclusively established its promissory note claim, the burden shifted to Wise and Hubbard to produce evidence creating a genuine issue of material fact as to an element or elements of this claim. Wise and Hubbard argue they produced evidence creating a material fact issue as to whether Luke Development "received" the promissory note "as an assignment from David Salisbury for consideration or whether the intent of the parties was that [Luke Development] would pursue the note for [] Salisbury's benefit to help reduce the amount [he] owed to [Luke Development]." In other words, Wise and Hubbard argue that they produced evidence creating a material fact issue concerning the purpose of the transfer agreement. In support of this argument, Wise and Hubbard direct our attention to excerpts from the depositions of Nathan

Crawford, the principal member of Luke Development, and David Salisbury. These excerpts show that Crawford and Salisbury had engaged in multiple business transactions and that, as a result of these transactions, Salisbury and the Salisbury Group owed money to Crawford and Luke Development. These excerpts further show that Salisbury had transferred the promissory note to Luke Development to satisfy some, if not all, of the money he and the Salisbury Group owed to Crawford and Luke Development.[1] Wise and Hubbard do not explain how the purpose of the transfer agreement is material to the elements of the promissory note claim. An immaterial issue of fact does not preclude summary judgment. *Sasser v. Dantex Oil & Gas, Inc.*, 906 S.W.2d 599, 604 (Tex. App.—San Antonio 1995, writ denied); *Harris Cnty. v. Ochoa*, 881 S.W.2d 884, 889 (Tex. App.—Houston [14th Dist.] 1994, writ denied); *see Peirce v. Sheldon Petroleum Co.*, 589 S.W.2d 849, 852 (Tex. Civ. App.—Amarillo 1979, no writ) (noting that the materiality of a fact dispute is based on the elements of proof). Therefore, the deposition testimony of Crawford and Salisbury did not create a material fact issue to defeat summary judgment on the promissory note claim.

Wise and Hubbard further point out that Luke Development, as assignee, stepped into the shoes of Salisbury and the Salisbury Group, and assumed the promissory note subject to any defenses Wise and Hubbard had against Salisbury and the Salisbury Group. Nevertheless, Wise and Hubbard fail to explain how this issue relates to Luke Development's acquisition of the note from Salisbury and the Salisbury Group, or to any other element of Luke Development's claim to recover on the promissory note.

---

[1]The transfer agreement states, "To the extent that [Luke Development] actually receives funds from [Wise and Hubbard], [Luke Development] will credit [the Salisbury Group] and Mr. Salisbury for such good funds against the money that Mr. Salisbury owes to [Luke Development] under the Promissory Notes dated October 23, 2009, and October 30, 2009 (collectively, 'the Salisbury Notes')."

## 2. *Affirmative Defenses*

Wise and Hubbard next argue the summary judgment was improper because Luke Development "failed to demonstrate the lack of [a] genuine issue of material fact" concerning their affirmative defenses. However, to avoid summary judgment, the burden was on Wise and Hubbard to produce evidence raising a fact issue on each element of their affirmative defenses. *See A.J. Morris, M.D., P.A. v. De Lage Landen Fin. Serv., Inc.*, 2009 WL 161065, at \*12 (Tex. App.—Fort Worth 2009, no pet.) (rejecting the argument that summary judgment was improper when the plaintiff did not move for summary judgment on the defendant's affirmative defenses); *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 124 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (noting that a plaintiff moving for summary judgment has no obligation to negate the defendant's affirmative defenses). Wise and Hubbard do not argue they produced evidence raising a fact issue on each of the elements of their affirmative defenses.

## 3. *Counterclaims and Third-Party Claims*

Wise and Hubbard finally argue the summary judgment was improper because their claims against Luke Development, Salisbury, and the Salisbury Group were not addressed. The record, however, shows otherwise. In its second summary judgment motion, Luke Development argued Wise and Hubbard could not recover on their claims based on their ratification of the initial agreement with Salisbury and the Salisbury Group. In responding to the summary judgment, Wise and Hubbard did not dispute this ratification theory.

When a party, who has been induced by fraud to enter into an agreement, engages in conduct that recognizes the agreement as binding after he becomes aware of the fraud, the party ratifies the agreement and waives any right to assert fraud as a ground to avoid the agreement. *Cordero v. Tenet Healthcare Corp.*, 226 S.W.3d 747, 750 (Tex. App.—Dallas 2007, pet. denied) (citing *Rosenbaum v. Tex. Bldg. & Mortg. Co.*, 167 S.W.2d 506, 508 (Tex. 1943)). The relevant

inquiry is what actions were taken by the party after he became fully aware of the alleged fraud. *Harris v. Archer*, 134 S.W.3d 411, 427 (Tex. App.—Amarillo 2004, pet. denied). An express ratification is not necessary; any actions based upon a recognition of the agreement as subsisting, or any conduct inconsistent with an intention to avoid the agreement, has the effect of waiving the right of rescission. *PSB, Inc. v. LIT Indus. Texas Ltd. P'ship*, 216 S.W.3d 429, 433 (Tex. App.—Dallas 2006, no pet.) (citing *Rosenbaum*, 167 S.W.2d at 508).

Here, the record included the pleadings filed by Wise and Hubbard. These pleadings showed that the claims brought by Wise and Hubbard were based on Salisbury's conduct during the initial transaction. These pleadings alleged that Wise and Hubbard learned of Salisbury's fraud and misrepresentations "shortly after" the original transaction took place in April 2009. The undisputed summary judgment evidence showed that Wise and Hubbard sought and obtained a modification of the repayment schedule on September 11, 2009, and a second modification of the repayment schedule on January 12, 2011. Based on this evidence, Luke Development argued that, even if Salisbury had committed fraud or made a misrepresentation during the original transaction, Wise's and Hubbard's subsequent actions in modifying the promissory note, and in making payments on the note in accordance with the modifications, amounted to a ratification of the initial agreement that precluded any recovery on their claims. Furthermore, in its summary judgment, the trial court expressly stated that all of the claims brought by Wise and Hubbard were dismissed with prejudice.

After considering the arguments made by Wise and Hubbard, we conclude the trial court did not err in granting summary judgment on the claims presented. Wise's and Hubbard's first issue is therefore overruled.

**ATTORNEY'S FEES**

In their second issue, Wise and Hubbard argue the trial court erred in awarding Luke Development attorney's fees because there is no evidentiary support for the amount awarded. In support of its request for attorney's fees, Luke Development submitted the affidavit of its attorney of record, Brian W. Erikson. Erikson's affidavit establishes the number of hours devoted to the case, the nature of the preparation, the complexity of the case, the experience of the attorney, and the prevailing hourly rate. Erikson's affidavit further established that the reasonable and necessary attorney's fees for the work performed on this case by his firm, through the hearing on the summary judgment motion, was $34,872.00. Attached to Erikson's affidavit were his firm's billing records for this case. Wise and Hubbard produced no evidence controverting Erikson's affidavit.

Wise and Hubbard complain that Erikson's affidavit is conclusory and contains inadmissible hearsay. In addition, Wise and Hubbard complain that "other than conclusions there is no admissible evidence attached to the affidavit." However, in making these complaints, they do not direct our attention to any particular statement in the affidavit or in the billing records attached to the affidavit.

To support a request for reasonable attorney's fees, testimony should be given regarding the hours spent on the case, the nature of preparation, the complexity of the case, the experience of the attorney, and the prevailing hourly rates. *Hardin v. Hardin*, 161 S.W.3d 14, 24 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Goudeau v. Marquez*, 830 S.W.2d 681, 683 (Tex. App.—Houston [1st Dist.] 1992, no writ). "Parties routinely submit affidavits to prove up fees and expenses." *Nath v. Texas Children's Hosp.*, 375 S.W.3d 403, 439 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Sworn testimony on attorney's fees from an attorney representing a party to a suit is considered competent expert testimony. *Hardin*, 161 S.W.3d at 24; *Marquez*, 830

S.W.2d at 683. Moreover, billing records may be used to substantiate a claim for attorney's fees. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762 (Tex. 2012).

Here, Erikson's uncontroverted affidavit and his firm's billing records provided ample evidentiary support for the attorney's fees awarded. Wise's and Hubbard's second issue is therefore overruled.

CONCLUSION

The trial court's judgment is affirmed.

Karen Angelini, Justice