

# NUMBER 13-18-00553-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LARRY MARK POLSKY,                                                        Appellant,

v.

DR. RICK BASSETT,                                                        Appellee.

### On appeal from the County Court at Law No. 4
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Hinojosa

Appellant Larry Mark Polsky appeals the trial court's summary judgment dismissing his health care liability suit against appellee Rick W. Bassett, M.D. In one issue, Polsky argues that the trial court erred in granting Bassett's motion for summary judgment on the basis of limitations because the limitations period was tolled for seventy-five days pursuant to § 74.051(c) of the Texas Medical Liability Act (TMLA). *See* TEX. CIV.

PRAC. & REM. CODE ANN. § 74.051(c). We affirm.

## I.   BACKGROUND

Polsky filed suit against Bassett on May 23, 2018, alleging that Bassett was negligent in performing a total left knee replacement surgery at Valley Baptist Medical Center in Harlingen, Texas (VBMC-Harlingen) on April 8, 2016. According to Polsky's petition, Bassett's negligence caused Polsky to be "pigeon toed." Polsky alleged that he visited a physician's assistant in Bassett's office on October 3, 2016 and reported that "his left foot [was] toeing inwards" and that he was experiencing pain when he tried to "walk it straight." Polsky alleged that a February 27, 2018 CT scan of his knee "demonstrate[d] a mechanical axis misalignment of greater than 5 degrees of varus." Polsky attached to his petition a March 21, 2018 notice of claim letter to Basset. The letter was accompanied by an authorization for the release of medical records.

Bassett filed an answer asserting the affirmative defense of limitations. He later filed a traditional motion for summary judgment on his limitations defense, in which he argued that the applicable two-year limitations period, which accrued on April 8, 2016, expired prior to Polsky's suit being filed. *See id*. § 74.251. Bassett further argued that the limitations period was not tolled for seventy-five days under the TMLA because Polsky did not provide proper pre-suit notice of his claim. *See id*. § 74.051. In that regard, Bassett maintained that the medical authorization accompanying Polsky's pre-suit notice did not provide for the release of records from either VBMC-Harlingen, where Polsky's surgery occurred; or VBMC-Brownsville, where the subsequent CT scan was performed. *See id*. §§ 74.051(a) ("The notice must be accompanied by the authorization form for release of

2

protected health information as required under Section 74.052."), 74.052(c) (requiring, in part, that the authorization provide for the release of "[t]he health information and billing records in the custody of the physicians or health care providers who have examined, evaluated, or treated [the claimant] in connection with the injuries alleged to have been sustained in connection with the claim asserted in the accompanying Notice of Health Care Claim").

Polsky filed a response to Bassett's motion for summary judgment, arguing that he was not required to include VBMC-Harlingen or VBMC-Brownsville as health care providers because neither entity examined, evaluated, or treated Polsky in connection with the injury alleged in the notice letter. Specifically, Polsky maintained that he has not been seen by any health care provider "in connection with Polsky walking 'pigeon toed' with Polsky's left foot."

The trial court signed an order granting Bassett's motion for summary judgment and dismissing Polsky's suit. Polsky filed a motion for new trial, which was overruled by operation of law. Polsky now appeals.

## II.    STANDARD OF REVIEW

We review a trial court's summary judgment de novo. *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015); *City of San Antonio v. Greater San Antonio Builders Ass'n*, 419 S.W.3d 597, 600 (Tex. App.—San Antonio 2013, pet. denied). We take all the evidence favorable to the nonmovant as true, and we indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *BCCA Appeal Grp., Inc. v. City of Houston*, 496 S.W.3d 1, 6 (Tex. 2016); *Katy Venture*, 469

3

S.W.3d at 163; *Greater San Antonio*, 419 S.W.3d at 600.

Traditional summary judgment is proper only when the movant establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *BCCA*, 496 S.W.3d at 6; *Greater San Antonio*, 419 S.W.3d at 600–01. Limitations is an affirmative defense and may serve as the basis for the trial court's summary judgment. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex. 1991); *Slagle v. Prickett*, 345 S.W.3d 693, 697 (Tex. App.—El Paso 2011, no pet.). A defendant moving for summary judgment on a limitations defense bears the burden of conclusively establishing the elements of that defense. *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833 (Tex. 2018). This includes conclusively establishing when the cause of action accrued. *Id*. at 834. If a defendant establishes limitations as a matter of law, the burden of production then shifts to the non-movant to raise a genuine issue of material fact. *Valley Forge Motor Co. v. Sifuentes*, 595 S.W.3d 871, 877 (Tex. App.—El Paso 2020, no pet.); *see Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). If the non-movant fails to do so, the defendant is entitled to summary judgment. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008). On the other hand, if the movant fails to satisfy its initial burden, then the burden does not shift, and the nonmovant need not present any evidence to avoid summary judgment. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014).

"A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). "[M]ore than a scintilla of evidence exists if

4

the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id*. at 601 (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). But when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, it is considered no evidence. *Id*.

### III.  DISCUSSION

### A.  Applicable Law

Health care liability claims in Texas are governed by the TMLA. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.001–.507; *Davenport v. Adu-Lartey*, 526 S.W.3d 544, 550 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). The purpose of the statute is to eliminate frivolous healthcare-liability claims, while allowing potentially meritorious claims to proceed. *Hebner v. Reddy*, 498 S.W.3d 37, 39 (Tex. 2016); *Davenport*, 526 S.W.3d at 550.

Health care liability claims must be brought "within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed." TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a); *Davenport*, 526 S.W.3d at 551. A claimant must also provide the defendant with notice of a health care liability claim at least sixty days before suit is filed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(a). The notice must be accompanied by an "authorization form for release of protected health information as required" under § 74.052. *Id*. The authorization form must list, among other things: (1) "the physicians or health care providers who have examined, evaluated, or

5

treated [the claimant] in connection with the injuries alleged to have been sustained in connection with the claim asserted in the accompanying Notice of Health Care Claim[;]" and (2) the "physicians or health care providers who have examined, evaluated, or treated [the claimant] during a period commencing five years prior to the incident made the basis of the accompanying Notice of Health Care Claim." *Id*. § 74.052(c).

If a claimant provides the pre-suit notice and health information authorization form, the limitations period is tolled "to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties." *Id*. § 74.051(c); *see Carreras v. Marroquin*, 339 S.W.3d 68, 74 (Tex. 2011) ("[F]or the statute of limitations to be tolled in a health care liability claim pursuant to Chapter 74, a plaintiff must provide both the statutorily required notice and the statutorily required authorization form."). The purpose of the pre-suit notice requirement, including the authorized release of health information, "is to encourage negotiations and settlement of disputes prior to suit, thereby reducing litigation costs." *Carreras*, 339 S.W.3d at 73; *see also Mitchell v. Methodist Hosp.*, 376 S.W.3d 833, 836 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). By requiring a potential claimant to authorize the disclosure of otherwise privileged information sixty days before suit is filed, the legislature intended to provide an opportunity for health care providers to investigate claims and possibly settle those with merit at an early stage. *Carreras*, 339 S.W.3d at 73; *Garcia v. Gomez*, 319 S.W.3d 638, 643 (Tex. 2010).

B.    Analysis

Polsky does not dispute Bassett's contention that the limitations period accrued on

April 8, 2016, the date of the knee replacement surgery. Therefore, absent the application of the seventy-five-day tolling provision, Polsky's suit, which was filed on May 23, 2018, is untimely. Bassett's summary judgment motion was based on the medical authorization's omission of two health care providers—VBMC-Harlingen and VBMC-Brownsville—that examined, evaluated, or treated Polsky in connection with his claimed injuries *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(11), (12) (defining health care providers as including health care institutions such as hospitals). Polsky argued in the trial court that he was not required to include either institution because they did not treat him "in connection with Polsky walking 'pigeon toed' with Polsky's left foot." On appeal, Polsky argues a separate basis for reversal—that the medical authorization substantially complied with the TMLA. In that regard, Polsky argues that the records of physicians listed in the authorization contained VBMC records and that there is no evidence that Bassett's ability to investigate the claim was hampered by the omission of the health care providers.[1] As noted above, Polsky did not raise substantial compliance in his summary judgment response as a basis for denying Bassett's motion for summary judgment. Rule

---

[1] Polsky also re-urges his trial court argument that he was not required to list either health care provider because they did not treat him for being pigeon-toed. Polsky does not support this contention with argument or authority. Therefore, the argument is waived. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (explaining that an appellate court has no duty to perform an independent review of the record and applicable law to determine whether there was error because in doing so the court would be abandoning its role as neutral adjudicators). At any rate, we note that Polsky's claim is not premised on the negligent treatment of the alleged pigeon-toed condition. Rather, his claim is that Bassett was negligent in performing the knee replacement surgery. Polsky's treatment at VBMC-Harlingen where the surgery occurred and his subsequent evaluation at VBMC-Brownsville where the CT scans were performed relate to the alleged injuries resulting from Bassett's alleged negligence. Therefore, Polsky was required to include both institutions in the medical authorization. *See Davenport v. Adu-Lartey*, 526 S.W.3d 544, 553–54 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (concluding that the medical authorization was deficient for failing to include the hospital where the alleged negligent surgery occurred).

166a(c) is clear: "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c). "We will not reverse a summary judgment based on an argument that was not expressly presented to the trial court by written response or other document." *TrueStar Petroleum Corp. v. Eagle Oil & Gas Co.*, 323 S.W.3d 316, 321 (Tex. App.— Dallas 2010, no pet.). Because Polsky did not argue substantial compliance in the trial court, we cannot reverse the trial court's summary judgment on that basis. *See* TEX. R. CIV. P. 166a(c); *TrueStar Petroleum*, 323 S.W.3d at 321.

Even if Polsky had raised the argument in his summary judgment response, it would fail. While "substantial compliance" with the TMLA's authorization requirements will in some instances trigger the tolling provision, *see, e.g., Davenport*, 526 S.W.3d at 552– 53; *Mock v. Presbyterian Hosp. of Plano*, 379 S.W.3d 391 (Tex. App.—Dallas 2012, pet. denied), "[t]he statute of limitations is not tolled if the authorization form fails to list or provides an incomplete list of the health care providers that provided treatment in connection with the injuries alleged to have been sustained in connection with the health care liability claim." *Galloway v. Atrium Med. Ctr.*, L.P., 558 S.W.3d 316, 320–321 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *see Borowski v. Ayers*, 524 S.W.3d 292, 301– 03 (Tex. App.—Waco 2016, pet. denied); *Johnson v. PHCC-Westwood Rehab. & Health Care Ctr.*, LLC, 501 S.W.3d 245, 251 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *see also Broderick v. Universal Health Servs., Inc.*, No. 05-16-01379-CV, 2018 WL 1835689, at *5–6 (Tex. App.—Dallas Apr. 18, 2018, no pet.) (mem. op.).

In *Davenport*, the First Court of Appeals reviewed the application of the TMLA's

8

tolling provision in reference to a similarly defective authorization form. 526 S.W.3d 544. Davenport sued an orthopedic surgeon and orthopedic clinic for negligence in connection with a back surgery. *Id*. at 547. He provided the defendants with a pre-suit notice accompanied by an authorization form. *Id*. at 548. The form identified five doctors, other than the orthopedic surgeon, who examined, evaluated, or treated Davenport in connection with Davenport's alleged injuries. *Id*. However, the list did not include other physicians or health care providers who treated Davenport in connection with the back injury, including the hospital where the surgery was performed, the hospital where Davenport initially presented to the emergency room and where he later underwent physical therapy, the hospital where he was treated after his surgery, and numerous outpatient imaging centers. *Id*.

The trial court granted the defendants' motion for summary judgment which asserted that Davenport's claims were barred by the applicable two-year statute of limitations. *Id*. at 549. On appeal, Davenport argued that the authorization form substantially complied with the TMLA. *Id*. Specifically, Davenport maintained that the omission of several of the health care providers from the authorization form did not interfere with the defendants' ability to conduct a pre-suit investigation. *Id*. The First Court of Appeals rejected this argument:

> The appellants argue that pre[-]suit investigation was still possible, based on the records that could be obtained from the authorization form, the [defendants'] own experts' evaluations which were provided, and [the defendants'] own records, which would be among the more important medical records relevant to the claim. None of these circumstances, however, mitigate the problem that [the defendants were] not able to access other critical medical records that are required to be included in the authorization form, and without that information they could not assess the

9

claim adequately before the filing of suit, as intended by the statute.

*Id*. at 553–54. The court concluded that the authorization form was "inadequate to satisfy the legislative purpose of enabling a pre[-]suit investigation[.]" *Id*. at 554. Therefore, the court held that the limitations period was not tolled under the TMLA. *Id*.

In the present case, Polsky excluded two health care providers that provided treatment in connection with his health care liability claim. In so doing, Polsky failed to substantially comply with the TMLA's tolling provision.[2] Without the benefit of the seventy-five-day tolling provision, Polsky's suit is barred by limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a); *Davenport*, 526 S.W.3d at 554. Therefore, the trial court did not err in granting Basset's motion for summary judgment. For the foregoing reasons, we overrule Polsky's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed the
8th day of October, 2020.

---

[2] Polsky's reliance on *Mock v. Presbyterian Hosp. of Plano*, 379 S.W.3d 391 (Tex. App.—Dallas 2012, pet. denied), and *Rabatin v. Kidd*, 281 S.W.3d 558 (Tex. App.—El Paso 2008, no pet.), is misplaced. In *Mock*, the authorization form contained one improperly completed blank but otherwise "complied with the statutory requirements." 379 S.W.3d at 395. *Rabatin* was decided prior to the Texas Supreme Court's decision in *Carreras v. Marroquin*, 339 S.W.3d 68 (Tex. 2011), which clarified the requirements plaintiffs must meet to avail themselves of the tolling provision. *See Borowski*, 524 S.W.3d at 300–01 (discussing *Mock* and *Rabatin* and distinguishing them from the situation of a medical authorization that fails to completely list health care providers).