ACCEPTED
03-14-00404-CV
4472830
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/12/2015 11:50:38 AM
JEFFREY D. KYLE
CLERK

**No. 03-14-00404-CV**

*In the Third Court of Appeals*
*Austin, Texas*

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

3/12/2015 11:50:38 AM

JEFFREY D. KYLE
Clerk

**KEVIN TOWER AND KARRIE LYNN TOWER**
*Appellants,*
V.
**BANK OF AMERICA, N.A.**
*Appellee.*

ON APPEAL FROM THE COUNTY COURT AT LAW, HAYS COUNTY, TEXAS
CAUSE NO. 13-0320-C

**APPELLEE'S BRIEF**

Jonathan M. Williams
jwilliams@mlg-defaultlaw.com
State Bar No. 00791932
MARINOSCI & BAXTER
MARINOSCI LAW GROUP, P.C.
14643 Dallas Parkway, Suite 750
Dallas, Texas 75245
Phone: (972) 331-2100
Fax:     (972) 331-5240

ATTORNEYS FOR APPELLEE
BANK OF AMERICA, N.A.

**ORAL ARGUMENT NOT REQUESTED**

## CERTIFICATE OF INTERESTED PARTIES

**Plaintiff (Appellee):**

BANK OF AMERICA, N.A. (BANA)

**Attorneys for Plaintiff (Appellee) in trial court and on appeal:**

Jonathan M. Williams
jwilliams@mlg-defaultlaw.com
State Bar No. 00791932
MARINOSCI & BAXTER
MARINOSCI LAW GROUP, P.C.
14643 Dallas Parkway, Suite 750
Dallas, Texas 75245
Phone: (972) 331-2100
Fax:    (972) 331-5240

ATTORNEYS FOR APPELLEE
BANK OF AMERICA, N.A

**Defendants (Appellants) and *Pro Se* Representative:**

Kevin Tower and Karrie Lynn Tower
541 Bayou Bend,
Buda, Texas 78610
Phone: (512) 762-5639

**Trial Court:**

The Honorable Linda A. Rodriguez
County Court at Law Number Two
Hays County, Texas
712 South Stagecoach Trail, Ste. 2292
San Marcos, TX 78666

## STATEMENT REGARDING ORAL ARGUMENT

Appellee does not believe that oral argument is necessary in this appeal; however, should Appellants request, or should the Court require an oral argument, Appellee would request the opportunity to present an argument.

# TABLE OF CONTENTS

Certificate of Interested Parties.................................................................................2

Statement Regarding Oral Argument.........................................................................3

Table of Contents ......................................................................................................4

Index of Authorities ..................................................................................................6

Statement of the Case................................................................................................7

Statement of Facts and Background..........................................................................7

Factual Background. ..................................................................................................7

Procedural Background..............................................................................................9

Summary of the Argument........................................................................................9

Argument and Authorities ……………………………………………………...11

Appellants' Issue No. 1:

    THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING THE
    BUSINESS RECORDS AFFIDAVIT WITH THE DEED OF TRUST
    AND SUBSTITUTE TRUSTEE'S DEED INTO EVIDENCE DESPITE
    BEING IN VIOLATION OF THE TEXAS RULES OF EVIDENCE 902(2)
    AND 902(10)……..………………………………………………………11

Appellee's Response to Issue No. 1:

    APPELLANT'S ISSUE NO. 1 MUST FAIL AS ALLOWING THE
    BUSINESS RECORDS AFFIDAVIT WITH THE DEED OF TRUST AND
    SUBSTITUTE TRUSTEE'S DEED INTO EVIDENCE WAS NOT AN
    ABUSE OF DISCRETION AS THE BUSINESS RECORDS AFFIDAVIT
    DOES NOT VIOLATE THE TEXAS RULES OF EVIDENCE 902 (2) AND
    902(10)    …………………..…………………………………………….. 11

Appellant's Issue No. 2:

THE TRIAL COURT ERRED IN ISSUING AN IMPROPER JUDGMENT AND PREVENTED APPELLANT FROM PROPERLY PRESENTING ITS APPEAL ...................................………………..………………………….. 13

Appellee's Response to Issue No. 2:

THE TRIAL COURT DID PROPERLY ISSUED JUDGMENT AFTER PRESENTING OF ARGUMENT OF COUNSEL AND REVIEW OF THE EVIDENCE PRESENTED ..…………………..………………………….. 14

Conclusion and Prayer ..................................................................... 14

Certificate of Service ....................................................................... 16

Appendix ......................................................................................... 17

# INDEX OF AUTHORITIES

## *Case Law:*

*Roper v. CitiMortgage, Inc.,* No. 03-11-00887-CV, Mem. Op. (Tex.App.−Austin, Nov. 26, 2013) …………………………………………………………..12, 13

*In re E.A.K*, 192 S.W.3d 133,142 (Tex. App.−Houston [14th Dist.] 2006, pet. denied) ……………………………………………………………….....13

*Rodriquez v. CitiMortgage, Inc.,* 03-10-00093-CV, 2011 WL 182122 (Tex.App.−Austin, Jan. 6, 2011, not pet.)…………………………………………………………...…………...13

*Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 511 (Tex.App.−El Paso 201, no pet.)……………………………………….…………………………………....13

## *Codes and Statutes*

Tex. R. Evid. 902(2)……………………………………………………10, 11, 12, 13

Tex. R. Evid. 902(10)…………….…………………………………………10, 11, 13

Tex. R. Evid. 902(8)……………………….…………………………...…10, 13

# BRIEF OF APPELLEE

## TO THE HONORABLE JUSTICES OF THIS COURT:

COMES NOW Appellee, BANK OF AMERICA, N.A., hereinafter referred to as "BANA", and hereby submits its brief in the above styled and numbered appeal. In support thereof, BANA respectfully shows the following:

## STATEMENT OF THE CASE

*Nature of the Case:*

This is a forcible detainer suit.

*Trial Court:*

The Honorable Linda A. Rodriguez, Hays County Court at Law Number Two (2) of Hays County, Texas.

*Trial Court's Disposition:*

A non-jury eviction trial was set April 11, 2014. The Trial Court heard and considered evidence and testimony presented by BANA as well as Appellant's testimony and exhibits and subsequently awarded possession of the property located at 541 Bayou Bend, Buda, Texas 78610 (the "Property") to BANA. (C.R. Pgs. 240-241). Defendants appealed.

## STATEMENT OF FACTS AND BACKGROUND

*Factual Background:*

1.    On February 29, 2008, Kevin Allen Tower and Karrie Lynn Tower

("Appellants") executed a Deed of Trust granting Mortgage Electronic Registration Systems, Inc., as Nominee for Standard Pacific Mortgage, Inc., a Delaware Corporation a first lien security interest in the Property (the "Deed of Trust"). (C.R.., EX. A-1, Pgs. 141-149).

2.  The Deed of Trust, Section 18, provided that:

> If the Property is sold pursuant to this section 22, Borrower or any person holding possession of the Property through Borrower shall immediately
> surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

3.  On December 2, 2009, the Deed of Trust was assigned to BAC Home Loans Servicing, LP Formerly Known as Countrywide Home Loans Servicing, LLC by means of a recorded Assignment of Note and Deed of Trust.(C.R. Ex. A-2 ., Pgs. 151-153).

4.  On September 4, 2012, the Property was sold at a non-judicial foreclosure sale (the "Foreclosure Sale"). The Grantee on the Substitute Trustee's Deed was BANA. (C.R. Ex. A-3, Pg. 154-157).

5.  On December 28, 2012, BANA provided Appellants, and all other Occupants, written notice to vacate the Property. (C.R. EX. A-4, Pgs. 158-174). It is undisputed that the Appellants failed to surrender possession of the Property.

*Procedural Background:*

6.  On January 22, 2013, BANA filed Cause No. F13-002J5 in the Justice of the Peace, Precinct 5, Hays County, Texas seeking a judgment for possession. (C.R. Pgs. 8-11). On April 18, 2013 the Justice of the Peace Court granted possession of the Property to BANA by Default. (C.R. Pg. 27).

7.  On April 22, 2013, Appellants filed their appealed and the Appeal was assigned to County Court at Law Number Two.

8.  On April 11, 2014, at trial in County Court at Law Number Two, BANA presented evidence of the facts set forth in paragraphs 1 through 5 above. BANA presented the evidence by means of a business records affidavit (C.R. Pgs., 139-141, R.R. Pg. 4). Appellants objected to the entry of the exhibits attached to the business records affidavit. The trial Court took the matter under advisement (R.R., Pg. 15).

9.  On June 9, 2014, the Trial Court entered judgment granting BANA possession of the Property. (C.R. Pgs. 240-241).

10. On June 19, 2014, Appellants filed their notice of appeal. (C.R. Pgs. 241-243).

## SUMMARY OF THE ARGUMENT

11. Appellant's issue number on appeal: Did the trial court abused its discretion by allowing the Business Records Affidavit with the Deed of Trust and Substitute Trustee's Deed into evidence despite being in violation of Texas

Rules of Evidence 902(2) and 902(10)?

12.     Appellants assert that the evidence offered by BANA by means of a business records affidavit was insufficient to prove a proper chain of title and right to foreclose,  the business records affidavit was invalid as the custodian of the records was not an employee of the entity which created the records and that the deeds of trust, assignments and substitute trustee deeds are not business records but are public records that must be entered by stamp or certification pursuant to Tex. R. Evid. 902(2). *Brief of Appellant at 11.*

13.     BANA responds that the Trial Court did not err in allowing the business records affidavit into evidence.  Appellant's title claims and issues regarding BANA's right to foreclose were ruled upon in favor of BANA by judgment entered on January 2, 2014. (C.R., Pgs. 219-227).  A custodian of records is not required to be the employee of the creator of the record.  A note, deed of trust or substitute trustee's deed can be proven up as business record and may also be self-authenticating as an acknowledged document pursuant to Tex. R. Evid. 902(8).

14.     Appellant's issue two on appeal: The trial court erred in issuing an improper judgment  and prevented the Appellant from properly presenting its appeal.  *Brief of Appellant at 12.*

15.     Appellants assert that they were not given a fair opportunity to

present evidence of superior right to possession or to disprove the elements of forcible detainer.

16.    BANA responds that all title claims affecting the right to foreclosure and superior right to possession were ruled upon in favor of BANA by judgment entered on January 2, 2014. (C.R., Pgs. 219-227). Appellants were provided a fair opportunity to disprove elements of the forcible detainer. As the record indicates, Appellants made no offer of evidence, nor was any disallowed by the Trial Court.

## ARGUMENT AND AUTHORITIES

### Appellant's Issue No. 1:

THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING THE BUSINESS RECORDS AFFIDAVIT WITH THE DEED OF TRUST AND SUBSTITUTE TRUSTEE'S DEED INTO EVIDENCE DESPITE BEING IN VIOLATION OF THE TEXAS RULES OF EVIDENCE 902(2) AND 902(10).

### BANA's Response to Issue No. 1:

APPELLANT'S ISSUE NO. 1 MUST FAIL AS ALLOWING THE BUSINESS RECORDS AFFIDAVIT WITH THE DEED OF TRUST AND SUBSTITUTE TRUSTEE'S DEED INTO EVIDENCE WAS NOT AN ABUSE OF DISCRETION AS THE BUSINESS RECORDS AFFIDAVIT DOES NOT VIOLATE THE TEXAS RULES OF EVIDENCE 902 (2) AND 902(10).

17.    Appellants assert that the evidence offered by BANA by means of a business records affidavit was insufficient to prove a proper chain of title and right to foreclose, the business records affidavit was invalid as the custodian of

the records was not an employee of the entity which created the records and that the deeds of trust, assignments and substitute trustee deeds are not business records but are public records that must be entered by stamp or certification pursuant to Tex. R. of Evid. 902(2).

18.     All issues regarding title and right to foreclose have been adjudicated in favor of BANA. The Trial Court abated the instant case until resolution of Cause No. 13-1012 filed in District Court of Hays County, Texas on May 8, 2013 which was removed to Federal Court as Case No. A-13-CA-500-SS in the United States District Court for the Western District Texas – Austin Division. Upon entry of judgment by the United Stated District Court, BANA filed its motion for to lift abatement of the instant case (C.R., Pgs. 214-218). An agreed judgment lifting the abatement was entered by the Trial Court on March 11, 2014. (C.R., Pg. 323)

19.     Appellants assert the business record affidavit entered into evidence by BANA is invalid as the custodian of records is not employee of the creator of the record. The rules of evidence do not require that the qualified witness who lays the predicate for the admission of business records be their creator, be an employee of the same company as the creator, or have personal knowledge of the contents of the record – personal knowledge of the how the documents were prepared will suffice. *Roper v. CitiMortgage, Inc.,* No. 03-11-00887-CV, mem.

op. at 22 (Tex. App.– Austin, Nov., 27, 2013), *In re E.A.K*, 192 S.W.3d 133,142 (Tex. App.–Houston [14th Dist.] 2006 pet. denied), *Rodriguez v. CitiMortgage*, No. 03-10-00093-CV, 2011 WL 182122, at 5 (Tex. App. – Austin, Jan. 6, 2011, no pet). The custodian of records avers in the business records affidavit that the custodian has care, custody and control of records regarding the forcible entry and detainer proceeding against Appellants. Furthermore, the custodian avers that the custodian is familiar with how the documents were prepared and transmitted to be included in the record in compliance with Tex. R. Evid. 902(10).

20. Additionally, Appellants assert that the Trial Court erred in allowing the business record affidavit along with the deed of trust and substitute trustee's deeds as they are public records that must be presented as evidence in the form of certified copies pursuant to Tex. R. Evid. 902(2). Appellant's assertion is incorrect in that a notarized document such as a deed of trust or substitute trustee's deed is self-authenticating as documents acknowledged by notary public. *Roper* at 23, *Rockwall Commons Assocs. Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 511 (Tex. App. – El Paso 2010, no pet). As the deed of trust and substitute trustee's deed are properly notarized they are self-authenticating and admissible under Tex. R. Evid. 902(8).

**Appellant's Issue No. 2:**

THE TRIAL COURT ERRED IN ISSUING AN IMPROPER
JUDGMENT AND PREVENTED APPELLANT FROM PROPERLY

PRESENTING ITS APPEAL.

**BANA's Response to Issue No. 2:**

THE TRIAL COURT DID PROPERLY ISSUED JUDGMENT
AFTER PRESENTING OF ARGUMENT OF COUNSEL AND
REVIEW OF THE EVIDENCE PRESENTED.

21.     Appellants assert that they were not given a fair opportunity to present evidence of superior right to possession or to disprove the elements of forcible detainer court. As previously stated above, after abatement of the instant case, all title claims affecting the right to foreclosure and superior right to possession were ruled upon in favor of BANA by judgment entered on January 2, 2014 (C.R., Pgs. 219-227).

22.     Appellants were provided a fair opportunity to disprove all elements of the forcible detainer as the record does not indicate any offer of evidence by Appellants nor any disallowed by the Trial Court. Additionally,  in their brief, Appellants do not indicated what evidence would have been offered by Appellants or that the Trial Court refused a request by Appellants to enter evidence into the record.

## CONCLUSION AND PRAYER

The Trial Court properly issued a judgment and awarded possession of the property to BANA. BANA therefore respectfully requests that this Court affirm the County Court's judgment and render judgment in favor of BANA.

Respectfully Submitted,

/s/ Jonathan M. Williams
jwilliams@mlg-efaultlaw.com
State Bar No. 00791932
MARINOSCI & BAXTER
MARINOSCI LAW GROUP, P.C.
14643 Dallas Parkway, Suite 750
Dallas, Texas 75245
Phone: (972) 331-2100
Fax:     (972) 331-5240

ATTORNEYS FOR APPELLEE
BANK OF AMERICA, N.A.

## CERTIFICATE OF COMPLIANCE

Relying on the word court function in the word processing software used to produce this document, I certify that the numbers of words in this brief (excluding any caption, authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, and appendix) is 1,169.

/s/ Jonathan M. Williams
Jonathan M. Williams

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief of Appellee was served via the following method to the following persons on the 12 th day of March 2015.

Kevin Tower                    Via first class mail and
541 Bayou Bend                 CMRRR# 9407 1118 9956 2414 3898 87
Buda, Texas 78610

Karrie Lynn Tower              Via first class mail and
541 Bayou Bend                 CMRRR# 9407 1118 9956 2414 3866 40
Buda, Texas 78610

/s/ Jonathan M. Williams
Jonathan M. Williams

**No. 03-14-00404-CV**

_In the Third Court of Appeals_
_Austin, Texas_

**KEVIN TOWER AND KARRIE LYNN TOWER**
_Appellants,_
V.
**BANK OF AMERICA, N.A.**
_Appellee._

ON APPEAL FROM THE COUNTY COURT AT LAW, HAYS COUNTY, TEXAS
CAUSE NO. 13-0320-C

**APPELLEE'S APPENDIX**

_**Appendices**:_

Judgment of the Trail Court……………………...…………….……Appendix 1


Judgment of Kevin Tower and Karrie L. Tower v. Bank of America, et al.; Case No. A-13-CA-500-SS;   In the United States District Court for the Western District Texas – Austin Division ………………………………………Appendix 2

# Appendix 1

CAUSE NO. 13-0320-C

BANK OF AMERICA, N.A.     §     COUNTY COURT AT LAW
    *Plaintiff,*     §

    §

v.     §

    §

KEVIN ALLEN TOWER, KARRIE     §     HAYS COUNTY, TEXAS
LYNN TOWER, AND ALL OTHER     §
OCCUPANTS OF 541 BAYOU BEND,     §
BUDA, TEXAS 78610     §
    *Defendants.*     §

## JUDGMENT

On the ⌊⌊ day of April 2014, came on to be heard the above-entitled and numbered cause. Plaintiff, Bank of America, N.A., appeared through its attorney of record. Defendant(s), Kevin Allen Tower, Karrie Lynn Tower, and all other occupants of 541 Bayou Bend, Buda, Texas 78610, did / did not appear in person. The Court, having reviewed the pleadings and considered the testimony, exhibits and all other relevant evidence, is of the opinion that Plaintiff is entitled to the relief sought.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff, Bank of America, N.A., is entitled to possession of the premises described in Plaintiff's Original Petition for Forcible Detainer, and that Plaintiff have restitution, for which let writ issue, of the premises commonly known as 541 Bayou Bend, Buda, Texas 78610, and legally described, to-wit:

> LOT 20, BLOCK R, WHISPERING HOLLOW SUBDIVISION, PHASE 1, SECTION 3, A SUBDIVISION IN HAYS COUNTY, TEXAS, ACCORDING TO MAP OR PLAT THEREOF RECORDEDIN VOLUME 13, PAGE 325, OF THE PLAT RECORDS OF HAYS COUNTY, TEXAS.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Plaintiff have and recover from Defendant(s) reasonable attorney's fees if the case is unsuccessfully appealed to the Courts of Appeal in the amount of $2,000.00, reasonable attorney's fees if the case is unsuccessfully appealed on writ of error to the Supreme Court of Texas in the amount of $3,500.00, and if writ is granted by the Supreme Court but the appeal is unsuccessful, reasonable attorney fees in the amount of $2,500.00;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Plaintiff have and recover of and from Defendant(s) costs of court, for which let execution issue.

**ALL RELIEF NOT EXPRESSLY GRANTED HEREIN IS DENIED.**

SIGNED this __9__ day of __June__, 2014.

*Appeal bond - $500.⁰⁰   $500*
6/18/14

_____
**JUDGE PRESIDING**

**ORDER SUBMITTED BY:**

**HOPKINS & WILLIAMS, P.L.L.C.**

_____
Mark D. Hopkins
State Bar No. 00793975
12117 Bee Caves Rd., Suite 260
Austin, Texas 78738
(512) 600-4320
(512) 600-4326 (Facsimile)

ATTORNEYS FOR PLAINTIFF

# Appendix 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

2014 JAN -2  PM 12: 05

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____ kkc
DEPUTY

KEVIN A. TOWER and KARRIE L. TOWER,
Plaintiffs,

-vs-

Case No.  A-13-CA-500-SS

BANK OF AMERICA, N.A.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. (MERS); RECONTRUST COMPANY, N.A.;
BARRETT DAFFIN FRAPPIER TURNER &
ENGEL, LLP; STANDARD PACIFIC
MORTGAGE, INC.; DUDLEY BEADLES; and
KERI HARELSON,
Defendants.

## JUDGMENT

BE IT REMEMBERED on this day the Court entered its order granting summary judgment

on behalf of the defendants, and thereafter the Court enters the following:

IT IS ORDERED, ADJUDGED, and DECREED that the Plaintiffs Kevin A. Tower

and Karrie L. Tower TAKE NOTHING in this cause against the defendants, and that all costs

of suit are taxed against the plaintiffs, for which let execution issue.

SIGNED this the 2nd day of January 2014.

SAM SPARKS
UNITED STATES DISTRICT JUDGE

500 judg kkt.wpd



FILED

2014 JAN -2   PM 12: 05

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____ KCC
      DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

KEVIN A. TOWER and KARRIE L. TOWER,
Plaintiffs,

-vs-                                            Case No.  A-13-CA-500-SS

BANK OF AMERICA, N.A.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. (MERS); RECONTRUST COMPANY, N.A.;
BARRETT DAFFIN FRAPPIER TURNER &
ENGEL, LLP; STANDARD PACIFIC
MORTGAGE, INC.; DUDLEY BEADLES; and
KERI HARELSON,
Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and

specifically Defendant Bank of America, N.A., Mortgage Electronic Registration Systems, Inc.

(MERS), and ReconTrust Company, N.A.'s Motion for Summary Judgment [#16], and the Towers'

Response [#19]. Having reviewed the documents, the governing law, and the file as a whole, the

Court now enters the following opinion and orders.

### Background

The Towers purchased the real property located at 541 Bayou Bend, Buda, Texas 78610 in

February 2008. The purchase was financed by a Note and secured by a Deed of Trust, both in favor

of Standard Pacific Mortgage, Inc., with MERS also named as the beneficiary under the Deed of

Trust. Mot. Summ. J. [#16], Exs. A-1 (Note), A-2 (Deed of Trust). The Note was subsequently

endorsed to Bank of America, and the Deed of Trust was assigned to Bank of America by MERS



EXHIBIT
A

on October 21, 2011. *Id.*, Exs. A (Siriwan Decl.), A-3 (Assignment). The Towers eventually defaulted on the loan, and made their last payment on February 17, 2012. Bank of America initiated foreclosure proceedings, and purchased the property at a foreclosure sale on September 4, 2012. Bank of America then sought to evict the Towers by initiating an eviction action in the Justice Court of Hays County, Precinct 5. The Justice Court entered a judgment in favor of Bank of America on April 18, 2013.

The Towers responded by filing this lawsuit in Hays County District Court on May 7, 2013. The case was eventually removed to this Court on the basis of diversity jurisdiction. The Towers' live pleading alleges the following causes of action: (1) wrongful foreclosure; (2) breach of contract; (3) negligent misrepresentation; (4) tortious interference with contract; (5) violations of the Texas Deceptive Trade Practices Act; (6) violations of the Texas Debt Collection Act; and (7) trespass to try title and quiet title. Defendants now move for summary judgment on all claims.

## Analysis

### I.    Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

-3-

## II.  Application

As an initial matter, the Court notes the Towers' suit is premised on Bank of America's lack of authority to foreclose, but the Towers provide no evidence or argument to support their allegations. Bank of America has provided evidence it holds the Note by way of endorsement, is the current assignee of the Deed of Trust, and is the current mortgage servicer. Siriwan Decl. ¶ 4. The Towers first claim Bank of America cannot foreclose because it does not hold the Note, but produce no evidence to rebut or challenge the endorsements to Bank of America. Alternatively, it is irrelevant whether Bank of America holds the Note, as federal courts routinely explain. *E.g.*, *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254–55 (5th Cir. 2013) (discussing the "dual nature" of the note and deed of trust, and explaining why it is not necessary to hold the note to non-judicially foreclose based on the deed of trust). Second, the Towers claim MERS cannot assign the Deed of Trust because it is not the "Lender." But MERS is defined as the beneficiary of the Deed of Trust, and explicitly granted authority to exercise the right to foreclose—a right it validly assigned to Bank of America. Deed of Trust [#16-3], at 1 (noting MERS has the right to exercise all interests granted by Borrower in the Deed of Trust); *see also Martins*, 722 F.3d at 255 (MERS, as statutory mortgagee, may "grant the mortgage servicer the authority to foreclose"). The Towers have thus failed to create any genuine dispute as to Bank of America's authority to foreclose,[1] and their failure to do so is generally fatal to their substantive causes of action.

---

[1] To the extent the Towers' claims are also premised on a failure to record any assignment in compliance with Texas Local Government Code section 192.007, the Fifth Circuit has held this "obscure provision has never been cited in a state court decision and is best read as a procedural directive to county clerks, not as a prerequisite to the validity of assignments." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 n.27 (5th Cir. 2013).

## A. Wrongful Foreclosure

To succeed on a wrongful foreclosure claim, the Towers must show: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Martins*, 722 F.3d at 256 (citing *Charter Nat'l Bank—Hous. v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied)). The Towers have not provided any evidence of a defect, any evidence of a selling price (much less a grossly inadequate one), or any evidence of a causal connection between the two. Additionally, the Towers cannot maintain a wrongful foreclosure claim when they have not yet been dispossessed of the property. *See, e.g., Smith v. J.P. Morgan Chase Bank N/A*, No. H-10-3730, 2010 WL 4622209, at *2 (S.D. Tex. Nov. 4, 2010) ("Under Texas law, even if a mortgage holder wrongfully attempts foreclosure, there is no claim for wrongful foreclosure if the mortgagor does not lose possession of the home. . . . Because recovery is based on the lack of possession of real property, individuals never losing possession cannot recover on a theory of wrongful foreclosure." (citations omitted)). Defendants are entitled to summary judgment on this claim.

## B. Breach of Contract

"The elements of a claim for breach of contract are: (1) existence of a valid contract; (2) performance or tentative performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damage resulting to the plaintiff from the breach." *Worldwide Asset Purchasing, L.L.C. v. Rent-A-Center East, Inc.*, 290 S.W.3d 554, 561 (Tex. App.—Dallas 2009, no pet.). The undisputed summary judgment evidence shows the Towers breached the terms of the Note and Deed of Trust by failing to make timely payments as required, and Bank of America exercised its contractual rights to foreclose on the property. Additionally, the Towers provide no evidence of any breach by any

-5-

defendant. Instead, the Towers make unsupported accusations about unspecified "malicious and intentional misrepresentations." Pl.'s Resp. [#19], at 15. Attorney argument parroting the allegations of the petition is not sufficient to defeat a motion for summary judgment. Defendants are entitled to summary judgment on this claim.

## C.     Negligent Misrepresentation

The Towers have not provided any evidence of any alleged misrepresentations made by any defendant—not even so much as affidavits from the Towers themselves. Moreover, the only misrepresentation the Towers identify (albeit vaguely) in their petition is a statement "a [loan] modification would be possible" when Defendants knew otherwise. The Towers have produced no evidence such a representation was ever made, but even if they had, promises regarding future acts cannot form the basis of a negligent misrepresentation claim. *See BCY Water Supply Corp. v. Residential Invs., Inc.*, 170 S.W.3d 596, 603 (Tex. App.—Tyler 2005, pet denied) ("A promise to do or refrain from doing an act in the future is not actionable because it does not concern an existing fact."); *see also McAllister v. BAC Home Loans Servicing, LP*, No. 4:10-CV-504, 2011 WL 2200672, at *9 (E.D. Tex. Apr. 28, 2011) (dismissing negligent misrepresentation claims based on alleged promise not to foreclose in the future if certain payments were made). Defendants are entitled to summary judgment on this claim.

## D.     Tortious Interference with Contract

The Towers' tortious interference claim fails because "a party cannot tortiously interfere with its own contract." *Holloway v. Skinner*, 898 S.W.2d 793, 796 (Tex. 1995). It is undisputed MERS and Bank of America acted within the scope of their contractual rights, and ReconTrust acted at the direction of Bank of America. The Towers have failed to produce any evidence of any interference,

-6-

much less interference by a non-party to the contract. Defendants are entitled to summary judgment on this claim.

### E.     Texas Debt Collection Act and Texas Deceptive Trade Practices Act

The Towers have presented no evidence of conduct amounting to a violation of either the TDCA or the DTPA. The summary judgment record shows Defendants had authority to foreclose, and their foreclosure efforts therefore do not run afoul of either Act. *See, e.g.*, TEX. FIN. CODE § 392.301(b)(3) (exempting from the TDCA "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings"). Defendants are entitled to summary judgment on these claims.

### F.     Title Claims

It is unclear whether the Towers have alleged a trespass to try title claim, a quiet title claim, or both. Any trespass to try title claim is untenable so long as the Towers have not been deprived of possession of the property. *See Miller v. CitiMortgage, Inc.*, No. 3:11-CV-2786-L, 2013 WL 4766808, at *15 (N.D. Tex. Sept. 5, 2013). Alternatively, even if the Towers had been dispossessed of the property, under either theory they would not be entitled to relief because they have not presented evidence they tendered the outstanding amount owed on the mortgage. *See Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("Tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession and claims title under a void foreclosure sale."). At the most basic level, however, the Towers have simply failed to produce any evidence indicating they have a superior claim to title of the home they refuse to pay for. Defendants are entitled to summary judgment on these claims.

-7-

## Conclusion

The Towers have failed to produce any evidence creating any genuine dispute as to any material fact. Their Response simply attaches the basic records supplied by Defendants (e.g., the Note and Deed of Trust) and unrelated affidavits from another case against Bank of America in Massachusetts. None of these records support the Towers' allegations, which likely explains why the Towers are incapable of articulating a single specific factual dispute present on the face of this record. Defendants are therefore entitled to summary judgment on all claims.

Accordingly,

IT IS ORDERED that Defendant Bank of America, N.A., Mortgage Electronic Registration Systems, Inc. (MERS), and ReconTrust Company, N.A.'s Motion for Summary Judgment [#16] is GRANTED.

SIGNED this the __2nd__ day of January 2014.

SAM SPARKS
UNITED STATES DISTRICT JUDGE